## THOMPSON v. GRIDER IMPLEMENT CO. *et al.*

No. 2235.   Opinion Filed November 19, 1912.

(128 Pac. 267.)

1.   **PRINCIPAL AND SURETY**—Action on Bond—Parties.   Under section 5571 of Comp. Laws 1909, permitting persons severally liable upon the same obligation or instrument to be sued, either together or separately, at the option of the plaintiff, the plaintiff may bring suit against one of the sureties on a construction bond, without joining the principal and the other sureties.

2.   **SCHOOLS AND SCHOOL DISTRICTS**—Contracts—Bonds—Statute.   Under sections 6164 and 6165, Comp. Laws 1909, which require public officers, upon entering into contracts, to take bonds running to "the state of Oklahoma," requiring the contractor to pay for all labor and material in the building, and permitting suit on the bond to be brought by any one who furnishes labor or material, a bond which runs to the trustees of the school district, instead of the state of Oklahoma, is a valid compliance with the statute.

(Syllabus by Ames, C.)

*Error from Bryan County Court;*
*Chas. A. Phillips, Judge.*

Action by the Grider Implement Company and others against W. J. Thompson, to recover for material and labor in the construction of a school building. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Hatchett & Ferguson,* for plaintiff in error.

*Utterback, Hayes & MacDonald,* for defendants in error.

Opinion by AMES, C.   One T. J. Walker entered into a contract with the trustees of school district No. 31 of Atoka county for the construction of a school building for the district. He executed a bond, with the defendant and one J. E. Early as sureties.   The obligees named in the bond were the "trustees of the Thirty-First school district of Atoka county."   The condition of the bond was that if the said principal should well and truly perform the conditions of the contract, and hold the obligees free and harmless from all claims, demands, and liens arising out of the construction of the building, then the bond should be void.   The plaintiff sued the defendant, without joining the other surety or the principal.   There are two questions presented by the record for our consideration.

The first is whether or not it is necessary for the plaintiffs to sue the principal and the other surety.   This is answered by section 5571, Comp. Laws 1909, which reads as follows:

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and indorsers and guarantors, may all or any of them be included, in the same action, at the option of the plaintiff."

Under this section, the plaintiffs had the right to sue all or any of the makers of the bond.   *Jenks v. School District,* 18 Kan. 356.

The next question is whether or not the fact that the obligee of the bond is the school district, instead of the state, destroys its character as a statutory bond, and thereby prevents action thereon being maintained by the plaintiffs.   Sections 6164 and 6165, Comp. Laws 1909, are as follows:

"Whenever any public officer shall, under the laws of the state, enter into contract in any sum exceeding one hundred dol-

lars, with any person or persons, for purposes of making any public improvements, or constructing any public building, or making repairs on the same, such officer shall take from the party contracted with a bond with good and sufficient sureties to the state of Oklahoma, in a sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor or material furnished in making said public improvements.

"That such bond shall be filed in the office of the clerk of the district court of the county in which such public improvement is to be made or such public building is to be erected; and any person to whom there is due any sum for labor or material furnished, as stated in section 6164 of this act, or his assigns, may bring an action on said bond for the recovery of said indebtedness: Provided, that no action shall be brought on said bond after six months from the completion of said public improvements or public buildings."

It will be observed, from these sections, that the bond should run "to the state of Oklahoma," and that suit may be brought by any persons to whom there is due any sum for labor or material. If, therefore, this is the bond contemplated by these statutes, the plaintiff had the right to maintain the action upon it. It is insisted by the defendant that it is not a statutory bond, because the obligee is not the state of Oklahoma, as required by statute, but the trustees of the school district. It is clear that the statute required the bond, that the bond was given as contemplated by the statute, and the only question is whether in such a bond the state must be named as the obligee, in order to bring it within the terms of the statute. This question is fully answered by the decision of the .Supreme Court of Washington in *Ihrig v. Scott,* 5 Wash. 584, 32 Pac. 466, where it is said:

"It will be seen that, by the objection thus made, defendants attacked said bond upon two grounds: First, that the state of Washington was not named as obligee; and, second, that it did not sufficiently appear that the bond was executed under the provisions of the act above referred to. That a mistake in the naming of the obligee is not a fatal defect, in a bond which is executed pursuant to the requirements of a statute, in the interests of the public, when, notwithstanding such error, it clearly appears from the bond taken as a whole that it was intended to

be such a one as is required by the statute, is fully established by the authorities. See *State v. Wood,* 51 Ark. 205, 10 S. W. 624; *Bay County v. Brock,* 44 Mich. 45, 6 N. W. 101. The simple fact, then, of the want of the proper obligee in this bond, is not fatal to it, if, from its terms the object for which it is executed appears. Even a superficial examination will show such to be the fact. No one can read the bond, in the light of the statute above referred to, without at once coming to the conclusion that in executing it by the principal and sureties, and the acceptance thereof by the proper officers of the school district, there was an intention on the part of all to provide the security required by said statute, in the interests of such as might thereafter, by virtue thereof, become entitled to protection."

The only other question raised is that the court erred in refusing to permit the defendant to prove that he had been released on said bond by the trustees of the school district; but this goes to the admission of evidence, and the defendant has not assigned as error the overruling of the motion for new trial, and it is well settled that, in the absence of such an assignment, an error of this kind cannot be considered in this court. *St. Louis, I. M. & S. Ry. Co. v. Dyer, ante,* 128 Pac. 265, and the cases therein cited.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.