## In re BARNES' ESTATE.
## BARNES et al. v. BARNES.

No. 3979.   Opinion Filed February 2, 1915.

Rehearing Denied April 13, 1915.

(147 Pac. 504.)

1.   **APPEAL AND ERROR—Intermediate Appeal—Defective Bond —Probate Proceedings.** The fact that a bond on appeal from the county court to the district court in a probate proceeding is made to the administrator as obligee, instead of to the state, as required by section 6510, Rev. Laws 1910 (section 5460, Comp. Laws 1909), does not render said bond void so as to defeat jurisdiction on appeal.

2.   **COURTS—Probate Proceedings—Right of Appeal.** An appeal lies from the district court to the Supreme Court from the final judgment of the district court in a proceeding under section 12, c. 65, Sess. Laws 1910, p. 118, in the same manner as from the judgment of said court in other probate proceedings.

3.   **DESCENT AND DISTRIBUTION—What Law Governs—Resident—Property Within the State.** Where an intestate at the time of his death was a resident of this state and owned property which at the time was situated in this state, the laws of Oklahoma will govern as to the descent and distribution of said property,

and not the laws of the state where said property may have been acquired.

4.    **SAME—Surviving Wife.** Where an intestate dies in this state without issue, leaving his wife surviving, she takes, under the second subdivision of section 8418, Rev. Laws 1910 (section 8985, Comp. Laws 1909), all property left by him, situated in this state, acquired by the joint industry of herself and her deceased husband during coverture.

(Syllabus by the Court.)

*Error from District Court, Tulsa County;*
*L. M. Poe, Judge.*

On the filing of a petition for the distribution of the estate of James T. Barnes, deceased, William A. Barnes and others filed their petition, asserting their rights to an interest in the estate, and Margaret A. Barnes filed answer thereto. Judgment for Margaret A. Barnes in the county court and in the district court on appeal, and William A. Barnes and others bring error. Affirmed.

*J. H. Whitecotton* and *J. J. Henderson,* for plaintiffs in error.

*J. S. Severson,* for defendant in error.

HARDY, J. Upon the filing in the county court of Tulsa county of a petition for distribution of the estate of James T. Barnes, deceased, plaintiffs in error filed their petition in said proceeding, alleging that they are brother and sister, nephew and nieces of the deceased, and asserting their right to an interest in said estate. To this petition defendant in error, Margaret A. Barnes, filed answer, alleging that she was the sole heir of the estate of her deceased husband; that he left no issue surviving, and praying that she be declared the sole heir, and that she be allowed the entire estate. Upon a trial of the issues thus made the county court found in favor of the defendant in error, and plaintiffs in error prosecuted an appeal to the district court of Tulsa county, where a new trial was had, and the district

court found in favor of the defendant in error, and plaintiffs in error appeal to this court.

Defendant in error, while not prosecuting an appeal, urges two objections to the jurisdiction of this court to hear and determine this appeal. The first objection is that no bond was given on appeal from the county court to the district court, as required by law; the objection being made to said bond that the same does not run to the state of Oklahoma as obligee in accordance with section 6510, Rev. Laws 1910, being section 5460, Comp. Laws 1909. This question has just recently been passed upon by this court in *Dolese Bros. Co. v. Chaney et al.*, 44 Okla. 745, 145 Pac. 1119, and *Thompson v. Grider Imp. Co.*, 36 Okla. 165, 128 Pac. 266, in which it was held that the fact that an obligee other than the state of Oklahoma is named as payee in a bond does not thereby invalidate the same.

The additional objection is made to the jurisdiction of this court that the judgment of the district court of Tulsa county in the determination of this case is final, from which judgment no appeal will lie; and in support of this proposition defendant in error cites section 12, c. 65, Sess. Laws 1910. This section expressly provides:

"An appeal shall be taken in the manner and to the court provided by law in cases of appeal in probate matters generally. The time and mode of taking such appeal, and of perfecting the same, and the undertaking on appeal, and all other matters of procedure governing the same, shall be the same as provided by the laws governing appeals in probate matters."

We think this answers the objection to the jurisdiction of the court, and conclusively establishes the right to prosecute an appeal in proceedings of this nature in the same manner as is provided in any other probate proceeding. The objections to the jurisdiction of the court are therefore overruled, and this case will be determined upon its merits.

There are five assignments of error set out in the brief of plaintiffs in error, all of which are considered together, and in effect they present the one question, as stated by counsel in their brief, whether or not the estate in question falls to the wife, under the last clause of the second subdivision of section 8985, Comp. Laws 1909, and section 8418, Rev. Laws 1910, which is as follows:

"*    *    * Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of the said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation."

Plaintiffs in error contend that, the property in question having been acquired and accumulated in the state of Missouri, and prior to the removal of the parties to the Indian Territory, under the laws of Missouri all property so accumulated was the separate property of the husband, and upon their removal to the Indian Territory the nature of the property, as to being separate property, was not changed, and that the rights of the plaintiffs in error as heirs of James T. Barnes, deceased, were vested under the laws of Missouri, and could not be divested by a change in the residence of decedent.

No one has the vested right to be the future heir of a living person. The undisputed evidence shows that all of the real estate owned by the decedent and defendant in error in the state of Missouri was sold and converted into money before moving to the Indian Territory, and all of the property owned by said decedent at the time of his death was situated in Oklahoma, and that decedent was a resident of this state at the time of his death. Under this statement of facts the authorities are uniform that the law regulating the descent and distribution of his property would be the laws of this state, and not the laws of the state of Missouri.

14 Cyc. pp. 20-25; 2 Wharton on Conflict of Laws, sec. 576A *et seq.;* 16 Cent. Dig., title, Descent and Distribution, sec. 16. The deceased and defendant in error were husband and wife, and there was no issue of said marriage surviving, and all of the property involved, both real and personal, was situated in this state at the time of his death, and was being administered upon in the county court of Tulsa county. This being true, the defendant in error, as the surviving wife of decedent, under the proviso of the second subdivision of section 8418, Rev. Laws 1910, would take all the property, if same was acquired by the joint industry of husband and wife during coverture. The trial court found these to be the facts, and rendered judgment declaring defendant in error to be the sole heir and entitled to all of the estate under said provision. The correctness of this finding is assailed on the ground that there was not sufficient evidence to justify the court in so finding. We might go into detail in setting out the testimony, but we think the evidence reasonably tends to support the findings of the trial court.

The proposition urged by the plaintiffs in error that because under the laws of Missouri the property may have been the separate property of deceased instead of community property, cannot avail them anything in this action, for we are of the opinion that it makes no difference whether the property be considered as separate property or community property, as the controlling question in this case is whether or not the estate being administered upon consisted of property acquired during coverture by the joint industry of husband and wife; and, the court having so found, and the finding being amply sustained by the evidence, the judgment of the trial court is right, and should therefore be affirmed.

The judgment of the court below is affirmed.

All the Justices concur.