## GOFF v. GOFF.

No. 15088—Opinion Filed Nov. 12, 1924.

Rehearing Denied Dec. 9, 1924.

1. **Husband and Wife—Property of Husband Acquired by Joint Industry of Wife —Inheritance by Wife.**

Where title to real estate has been acquired during coverture by the joint industry of husband and wife, the question of whether it was separate property of the husband during his lifetime is wholly immaterial in determining to whom the property goes at his death under the proviso to the second subdivision of section 11301, Comp. Stat. 1921.

2. **Same—Acquirement of Homestead—Evidence.**

In such a proceeding the controlling question is: Was title to the property acquired by the joint industry of husband and wife? And where the property involved is a homestead, entered and improved under the homestead laws of the United States, proffered testimony of the widow that all of the improvements were placed upon the land subsequent to her marriage with the entryman, and that her labor and industry contributed to the improvements which thereafter enabled her husband to obtain a patent to the land is germane and competent upon this issue, and its exclusion by the trial court is prejudicially erroneous.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Beckham County: T. P. Clay, Judge.

Action by Susan C. Goff against Montie Goff to vacate and set aside letters of administration on the estate of Edgar H. Goff and to vacate and set aside an order of the county court of Beckham county distributing the estate of Edgar H. Goff to Montie Goff, his widow. Decree for plaintiff, and defendant brings error. Reversed, with directions.

March 11, 1922, Susan C. Goff filed her petition in the county court of Beckham county in the matter of the estate of Edgar H. Goff, deceased, praying that the appointment of Montie Goff as administratrix of the estate of Edgar H. Goff, deceased, be vacated

and set aside, and that the final decree of distribution in said estate distributing said estate to Montie Goff be vacated and set aside, and that the plaintiff be decreed a joint heir with Montie Goff in the estate of Edgar H. Goff, deceased, and that an undivided one-half interest therein be distributed to her. The petition also alleged fraud in the procurement of the letters of administration in this, that the plaintiff was given no notice of the application for such appointment.

Montie Goff filed her answer to the petition denying the allegation of fraud and asserting her sole right to the estate of Edgar H. Goff, deceased, by reason of the fact that she is his widow, that he died without issue, and that the property involved in the action was acquired by Edgar H. Goff through the joint industry and efforts of himself and Montie Goff.

Upon hearing had on such petition in the county court of Beckham county decree was entered denying the petitioner any relief and sustaining the prior proceedings of said county court in the administration of said estate. Susan C. Goff appealed to the district court of Beckham county where the case was again tried on August 9, 1923, resulting in a decree in favor of the plaintiff, Susan C. Goff, and adjudging that she took an undivided one-half interest with Montie Goff in the estate of deceased, Edgar H.Goff. After unsuccessful motion for new trial the defendant, Montie Goff, has brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

Arthur Leech and E. F. Cornels, for plaintiff in error.

Bond, Melton & Melton and Ben Goff, for defendant in error.

Opinion by LOGSDON, C. In the view taken of this case here it is only necessary to consider the second and third assignments of error, which read as follows:

"Second. The court erred in sustaining objections of plaintiff to certain evidence offered and tendered by defendant.

"Third. That the court erred in its findings of fact and conclusions of law."

A brief statement of the facts necessary to a discussion of the questions involved is taken from the brief of plaintiff as follows:

"That the land herein involved was selected by Edgar H. Goff, deceased. under the homestead law of the United States on the 27th day of October, 1900. At the time of making said selection, the said Edgar H. Goff was a single man. Thereafter and on the 2nd day of December, 1901, and while he was residing upon said land under his entry made on the 27th day of October, 1900, he married the plaintiff in error, Montie Goff. Thereafter and to wit, on the 17th day of October, 1906, he made a final proof of occupancy of said land necessary to be made under the homestead law and on the 13th day of May, 1907, patent to said land was issued to him by the United States Government; that he and his wife, Montie Goff, resided upon said land until the date of his death, on November 9, 1918; that he died intestate and without issue; that the defendant in error, Susan C. Goff, is his mother; that his father pre-deceased him. These facts are admitted by both plaintiff and defendant."

It was contended by plaintiff in the trial court and is so contended here that Edgar H. Goff acquired title to the lands involved when he filed his entry in the land office October 27, 1900, and that, therefore, this property was his separate property. and could not have been acquired by the joint industry of him and his wife. In the case of Wilcox v. Jackson, 13 Pet. 498 (10 L. Ed. 264), the time of the vesting of title to public lands is thus stated:

"Congress has declared, as we have said, by its legislation, that in such a case as this, a patent is necessary to complete the title. But in this case no patent has issued: and therefore, by the laws of the United States, the legal title has not passed, but remains in the United States."

Further on in the same opinion the court said:

"We hold the true principle to be this: That whenever the question in any court, state or federal, is whether a title to land which had once been the property of the United States has passed that question must be resolved by the laws of the United States; but that when ever, according to those laws, the title shall have passed, then that property, like all other property in the state, is subject to state legislation, so far as that legislation is consistent with the admission that the title passed and vested according to the laws of the United States."

It is thus apparent that title to public lands is not divested from the United States upon the filing of an entry by an entryman in the land office, but that title is divested by the issuance of a patent which evidences the performance of all conditions of occupancy, improvement, and payment which are prerequisites to the vesting of such title in the entryman. It is, therefore, clear that the property here in controversy did not become the property of Edgar H. Goff until May 13, 1907, the date when patent issued

to him. At most his filing merely gave him him an equitable interest which might or might not ripen into a legal title. His occupancy and improvement of the premises were acts necessary to be done by him between the date of filing entry and the date of issuance of final certificate in order for him thereafter to be entitled to a patent. In the performance of these prerequisite conditions of occupancy and improvement his wife, the defendant, contributed her joint industry from the date of their marriage on December 2, 1901, until issuance of patent in 1907, and continuously thereafter until his death in 1918. Upon the trial of the case the following question was propounded to defendant by her counsel, but objection was sustained thereto and she was not permitted to answer.

"Q. What was the nature and extent of any improvements on that land at the time you were married?"

It is shown by the record that if witness had been permitted to answer she would have stated that there were no improvements thereon. Her testimony by question and answer continues thus:

"Q. During your married life with Edgar H. Goff where did you reside? A. On the farm. Q. The land proved up on? A. Yes, sir. Q. Did you, out of any of your private property, furnish any money for improvements in the way of buildings on this farm? A. Yes, sir. Q. Where did you acquire that money? A. From my mother's estate and my father's estate. Q. How much did you say you spent on the erection of these improvements? A. I would say $600. Q. You were living on this homestead at the time your husband died? A. Yes, sir. Q. There were no children born to your marriage? A. No, sir."

The following question was propounded to the defendant by her counsel and objection thereto sustained, and she was not permitted to answer:

"Q. What kind of work did you do and in what way did you assist him?"

It is shown by the record that if she had been permitted to answer she would have testified, "I helped him do everything that was to be done. Worked in the field, milked the cows, and did everything that is to be done on a farm."

As was said by Justice Hardy in the case of In re Barnes Estate, 47 Okla. 117, 147 Pac. 504:

"We are of the opinion that it makes no difference whether the property be considered as separate property or community property, as the controlling question in this case is whether or not the estate being ad-

ministered upon consisted of property acquired during coverture by the joint industry of husband and wife."

The proffered testimony was competent and material upon this issue, and its rejection by the trial court was prejudicially erroneous. This conclusion upon the second assignment of error carries with it as a natural corollary that the third assignment of error is well taken because if the offered and rejected testimony had been considered by the trial court its findings of fact must have been in favor of the defendant instead of the plaintiff, and its conclusions of law thereon must have been different.

Edgar H. Goff, having acquired title to the lands in controversy during his lifetime by the joint industry of himself and his wife, the proviso of the second subdivision of section 11301, Comp. Stat. 1921, applies. That proviso reads:

"That in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation."

This is not a rule of property, as is in effect contended by plaintiff, and does not conflict with the federal public land and homestead laws. It is purely a rule of descent and distribution and applies alike to any kind of property acquired during coverture by the joint industry of husband and wife. No one acquires a vested right as heir to the property of a living person, and at death the law of the situs governs the devolution of real estate. In the case of husband and wife, in the absence of issue, the law of this state has made the survivor the sole heir as to all property acquired by their joint industry. It is clear from the testimony in the record, together with that erroneously excluded, that the property in controversy was thus acquired.

One other matter may be adverted to briefly, and that is the question of fraud alleged by plaintiff as against the validity of defendant's appointment as administratrix of her husband's estate. By Comp. Stat. 1921, section 1141, the surviving spouse, if competent, is entitled to letters of administration in preference to all other persons. By section 1147, it is provided in regard to notice of application for appointment, "that if a petition asks for the appointment of some person entitled under the law to appointment, and there shall accompany such petition a waiver of all

persons having a prior right to appointment, then no notice shall be given, and the court shall proceed without delay to hear such petition."

Under the provisions of these two sections it is clear that the defendant, Montie Goff, was entitled to be appointed administratrix, and that as no person had a prior right superior to hers no notice of her application was requisite, and a failure to give such notice or to inform the court that the mother of the deceased was living did not constitute fraud in the procurement of such appointment.

It follows from what has been said that the trial court erred in overruling the motion of defendant for a new trial, and that this cause should be reversed with directions to the trial court to vacate its judgment entered herein and to enter a judgment in conformity with the views herein expressed.

By the Court: It is so ordered.