### In re INGRAM'S GUARDIANSHIP.

### JOHNSON et al. v. NELSON et al.

No. 15117—Opinion Filed May 5, 1925.

Rehearing Denied Feb. 2, 1926.

1. **Guardian and Ward—Allowance to Local Guardian and Attorney — Right of Foreign Guardian to Appeal.**

A foreign guardian of the estate of a minor, entitled to the property of the minor situated in the state of Oklahoma, has an interest in the estate or funds of said minor affected by the order of a county court of Oklahoma whereby fees are directed to be paid to the local guardian and his attorneys, and said foreign guardian is authorized, under section 1412, Comp. Stat. 1921, to appeal from said order of the local county court.

2. **Same—Appeal to District Court—Sufficiency of Appeal Bond.**

Where a guardian takes an appeal from the county court to the district court in a probate proceeding, and the bond omits the word "guardian" in connection with the name of the principal, but the bond, taken as a whole and in connection with the other proceedings, shows it was the intention to appeal in the capacity of guardian and not individually, said bond is not void so as to defeat jurisdiction on appeal.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Muskogee County; William H. Zwick, Assigned Judge.

In the matter of guardianship of Leonard D. Ingram, a minor. From order allowing fees to local guardian, Raymond Nelson, and attorneys, the foreign guardians, Campbell C. Johnson and another, appeal to district

court. Judgment of the district court dismissing the appeal reversed, and cause remanded, with directions.

Wesley, Atkins & Chandler, for plaintiffs in error.

Glenn Alcorn, P. E. Gumm, and T. H. Davison, for defendants in error.

Opinion by JARMAN, C. Raymond Nelson was the duly appointed, qualified, and acting guardian of the estate of Leonard D. Ingram, a minor, in a guardianship proceeding pending in the county court of Muskogee county. On July 16, 1923, said guardian and Glen Alcorn and P. E. Gumm, attorneys, procured an order from said county court for the payment, out of the estate of Leonard D. Ingram, of the sum of $2,000 to the guardian for services rendered said estate and $1,500 each to Alcorn and Gumm as attorneys' fees for services in representing said guardian. At the time said order was made, and prior thereto, Minerva Jones and Campbell C. Johnson were the duly qualified and acting guardians of the estate of said Leonard D. Ingram, a minor, having been appointed as such by the District of Columbia, and said foreign guardians had made application to the county court of Muskogee county and had taken the proceedings, as prescribed by law, to remove the personal property of said ward, situated in the state of Oklahoma, to Washington, D. C. Said foreign guardians had no notice of, and were not parties to, the special proceedings had in the county court of Muskogee county wherein the order was made for the payment of fees to the guardian and the attorneys, as hereinabove set out. Within the statutory time the foreign guardians filed an affidavit, as required by section 1412, Comp. St. 1921, wherein they set forth that they were the foreign guardians of the estate of the minor and were entitled to the personal property of said minor within the state of Oklahoma, and had filed the necessary proceedings to have said property removed to Washington, D. C., the jurisdiction in which they were guardians, and that by reason thereof they had, as such guardians, an interest in the funds affected by the order of court directing the payment of fees to said guardian and attorneys, and alleged that, by reason thereof, they had a right to appeal from said order to the district court of Muskogee county. At the same time, and in connection with said affidavit, the foreign guardians filed, in due form as required by section 1414, Comp. Stat. 1921, a written notice of their intention to appeal to the district court of Muskogee county on both

questions of law and fact, and also filed an appeal bond, as required by section 1415, Comp. St. 1921, which was duly approved by the county judge, and the case was certified to the district court. The local guardian filed a motion in the district court to dismiss said appeal, which was sustained, and from this judgment the foreign guardians have appealed.

Several grounds were assigned in the motion to dismiss the appeal, but the defendants in error Nelson, Alcorn, and Gumm rely upon two propositions to sustain the action of the district court in dismissing said appeal, as follows:

(1) That the plaintiffs in error, the foreign guardians, did not have an appealable interest.

(2) The appeal bond was insufficient to vest jurisdiction in the district court.

It is insisted that there was no appealable interest on the part of the plaintiffs in error, "because foreign guardians cannot sue in another state unless expressly authorized by the statute of that state." The defendants in error contend that the authority of the foreign guardians to act for their ward is restricted to the jurisdiction of the District of Columbia, where they were appointed as guardians, and does not extend to the state of Oklahoma, and cite, in support of this contention, Morgan v. Potter, 157 U. S. 197. Concede that a foreign guardian cannot sue in another state unless expressly authorized to do so by the statute of that state, the rule would have no application here. This is not an attempt on the part of the foreign guardians to sue the defendants in error, but it is an attempt to appeal from the order of the county court, by reason of their being interested in, as foreign guardians, the funds affected by the order of the county court. Section 1412, Comp. St. 1921, authorizes any person, whether within or without the state of Oklahoma, who is interested in the estate or funds affected by the decree or order of the county court to appeal therefrom, and the plaintiffs in error clearly and plainly come within the purview of this section, when they show that they are the regularly and duly appointed, qualified, and acting foreign guardians, having a right to the personal property of the minor situated in the state of Oklahoma.

Since the record shows, and the case is submitted here on the theory, that the plaintiffs in error are the duly appointed, qualified and acting guardians of the estate of said minor, and, as such, are entitled to the possession of the personal property of the minor situated in the state of Oklahoma, it is obvious that said guardians would be unable to protect the interests of their ward and discharge the duties of their trust if they could not appeal from an order which takes away the property they are entitled to receive; and their duty, in this respect, is emphasized by the fact that the minor's interests must be protected by the foreign guardians, since the local guardian is a party to the proceedings by which the minor is aggrieved.

On the next proposition, it is urged that the appeal bond was insufficient to vest jurisdiction in the district court, for the reason that the same was executed by the said Campbell C. Johnson and Minerva Jones individually, and not as guardians. The argument is that the appeal was not being taken by these persons individually, but as guardians. Clearly, this contention is without merit, for the bond was filed in this guardianship proceeding in the county court of Muskogee county in connection with the affidavit and the notice of appeal, both of which instruments recited that the appeal was being taken by Campbell C. Johnson and Minerva Jones, as guardians, and the appeal bond was approved by the county judge, evidently with that understanding, and the failure to place the word "guardian" after the names of the principals was an oversight or a mere irregularity or technical defect, which the district court should have permitted to be cured by amendment. It clearly appears from the proceedings in perfecting the appeal that it was intended that the appeal bond was such a one as required by the statute, and the same was sufficient to vest jurisdiction in the district court. Thompson v. Grider Implement Co., 36 Okla. 165, 128 Pac. 266; In re Barnes' Estate, 47 Okla. 117, 147 Pac. 504. The plaintiffs in error sought to correct this defect by amending the appeal bond, but the district court refused to permit them to do so. Besides, the two sureties on the bond could not escape liability thereon by reason of this irregularity, and the bond, as to them, would be good regardless of whether it was signed at all by either of the principals. Clark et al. v. Bank of Hennessey, 14 Okla. 572, 79 Pac. 217.

The judgment of the trial court dismissing the appeal is reversed, and the cause remanded; and let the same proceed in the name of the ward. Leonard D. Ingram, who has arrived at his majority and has been substituted as plaintiff by order of this court.

By the Court: It is so ordered.

Note.—See under (1) 28 C. J. p. 1279 (1926 Anno). (2) 3 C. J. p. 1151.