### FLOWERS v. FLOWERS et al.

No. 16018—Opinion Filed Dec. 22, 1925.

Rehearing Denied April 20, 1926.

**Descent and Distribution—"Property Acquired by Joint Industry of Husband and Wife"—Homestead Under U. S. Laws.**

In all cases where property is acquired by the joint industry of a husband and wife during coverture, and there is no issue, the whole estate goes to the survivor, at whose death, if any of such property remain, it descends one-half to the heirs of the husband and one-half to the heirs of the wife, and a homestead acquired under the laws of the United States during the marriage relation and lived upon by the husband and wife until patent is issued thereon "is property acquired by the joint industry of husband and wife during coverture," within the meaning of the second subdivision of section 11301, C. O. S. 1921.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Jackson County; Frank Mathews, Judge.

Action by Ocie Flowers against F. W. Flowers, W. O. Flowers, Carrie B, Nunnery, and Nancy Kate Hays. Judgment for defendants, and plaintiff has appealed. Reversed and remanded with directions.

Guy P. Horton, for plaintiff in error.

L. A. Pelley, for defendants in error.

Opinion by DICKSON, C. The parties will be referred to as plaintiff and defendants, as they were designated in the trial court.

On the 13th day of October, 1895, the plaintiff Ocie Flowers and Benjamin F. Flowers were married. At the time of the marriage, the deceased, Benjamin F. Flowers, was in the possession of and living upon lots 6 and 7 and the east half of the southwest quarter of section 6 in township 1 south of range 20 W. I. M., in what was then known as Greer county, Tex., and the plaintiff and the deceased continued to live upon said lands for a number of years.

On the 16th day of March, 1896, the Supreme Court of the United States, in the case of the United States v. Texas, 162 U. S. 1, 40 L. Ed. 867, 16 Sup. Ct. 725, decided that that portion of Greer county embracing the lands above described was not a part of the state of Texas, but was, in fact, a part of the public domain of the United States, and subsequently, and on the 18th day of January, 1897, Congress passed an act providing that:

"Every person qualified under the homestead laws of the United States, who, on March 16, 1896, was a bona fide occupant of land within the territory established as Greer county, Okla., shall be entitled to continue his occupation of such land with the improvements thereon not exceeding 160 acres, and shall be allowed six months' preference right from the passage of this act in which to initiate his claim thereto." 29 Stat. at Large, 490, § 1 (U. S. Comp. Stat. § 5040).

On the 18th day of November, 1897, the said Benjamin F. Flowers, pursuant to said act of Congress, made homestead entry for said tract of land. Final proof was submitted on February 8, 1898, and patent duly issued thereafter. On the 6th day of December, 1922, the said Benjamin F. Flowers died intestate in what is now Jackson county, Okla., leaving as his sole and only heirs at law, his widow, Ocie Flowers, the plaintiff in error, and W. P. Flowers, W. O. Flowers, Carrie B. Nunnery, and Nancy Kate Hays, his brothers and sisters, the defendants in error. The plaintiff in error was appointed administratrix of said estate, and on final settlement and distribution, the county court of Jackson county vested title in and to said lands in the plaintiff. The defendants appealed to the district court of Jackson county, where upon a trial de novo the district court found that said real estate was the separate property of said deceased at the time of his marriage

with the plaintiff, and remained his separate property at the time of his death, and entered a decree reversing the order of the county court and vesting in the plaintiff an undivided one-half interest in said real estate, and an undivided one-eighth interest in each of the defendants. From this decree the plaintiff has appealed to this court.

The plaintiff contends that the district court erred in its conclusion that the real estate in question was the separate property of the deceased, and was not acquired during coverture by the joint industry of the plaintiff and the deceased. We think the finding of the court, that this real estate was the separate property of the deceased at the time of his marriage, is clearly erroneous. In the case of the United States v. Texas, supra, it was determined that this land was a part of the public domain of the United States. It had, however, never been opened to settlement or entry under the homestead or other laws of the United States. It is true that the deceased had lived upon this tract of land for a number of years (doubtless under the mistaken view that he would obtain title thereto from the state of Texas), but his residence and cultivation of the land while it was a part of the public domain and before it was open to entry conferred upon him no rights, legal or equitable. Hutchings v. Low, 82 U. S. (15 Wall.) 77, 21 L. Ed. 82; Buxton v. Traver, 130 U. S. 232, 32 L. Ed. 920. In Frisbie v. Whitney, 76 U. S. (9 Wall.) 187, 19 L. Ed. 668, the contention that a settler upon the public lands could thereby initiate a right is disposed of in these words:

"So far as anything done by him is to be considered, his claim rests solely upon his going upon the land and building and residing on it. There is nothing in the essential nature of these acts to confer a vested right, or, indeed, any kind of claim to land. and it is necessary to resort to the pre-emption law to make out any shadow of such right."

In this case the court was speaking of the asserted rights of the party to lands subject to entry under the pre-emption law, and the effect of the decision is that there is no way to initiate the right to any part of the public domain, except in compliance with the homestead pre-emption or other laws looking to the disposal thereof.

After the marriage between the plaintiff and the deceased, Congress passed an act above referred to, and in pursuance thereof, the deceased made homestead entry and procured the patent. The deceased acquired the land during coverture by the joint industry of the plaintiff and the deceased within the purview of section 11301, C. O. S. 1921. The plaintiff and the deceased were living upon the land at the time it was opened to entry under the homestead laws. The testimony is that the entry fee was paid by the plaintiff with her own money. They continued to live upon this tract of land for a number of years. There is nothing to show that the plaintiff did anything more than is ordinarily done by a wife under such circumstances, but under these decisions of this court it is not material how the title was obtained. It was obtained during the marital relation, and while the plaintiff and the deceased were living together as husband and wife, and it will be presumed that each was acting within their marital sphere, and the property accumulated under such circumstances under the provisions of section 11301, supra, descends to the surviving spouse. Goff v. Goff, 104 Okla. 257, 231 Pac. 204; In re Estate of Stone, 86 Okla. 33. 206 Pac. 246; In re Barnes Estate, 47 Okla. 117, 147 Pac. 504; Schaffer v. Ballou, 35 Okla. 169, 128 Pac. 498.

For the reasons stated, the judgment and decree of the district court of Jackson county is reversed and the case remanded with directions to set aside the decree and enter a decree in conformity with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 18 C. J. p. 845, § 79; 29 C. J. p. 1043, § 556.