### PRIDEMORE v. DUNCAN.

No. 19772. Opinion Filed Nov. 18, 1930.

John Watkins, for plaintiff in error.

Thomas J. Wiley, for defendant in error.

LEACH, C. M. Duncan, the defendant in error, commenced this action in the district court of Muskogee county against Lena Maye Pridemore to quiet his title to a certain described lot in the city of Muskogee and to recover damages for slander of his title thereto. The defendant, Pridemore, in addition to filing her answer, filed a cross-petition in the action wherein she refers to herself as plaintiff, and we quote the follow-ing from her pleading in order to show how and by what right she claimed an interest in the property:

"That plaintiff claims under section 11301, Compiled Laws of Oklahoma, 1921, which reads as follows: 'Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death if any of said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation.' Her mother and said Duncan owned property accumulated by them during coverture jointly, and that this plaintiff being the sole heir of said Martha Ellen Pridemore, is entitled to see that said property is preserved and protected and properly cared for by the said Duncan, and upon his death it should be disposed of as provided in the section of the statute above quoted; and that this plaintiff has a right to resort to any means necessary to preserve said property and prohibit said Duncan from wasting or dissipating the same. * * *

"Wherefore, this plaintiff prays the court to define the rights of the parties to the property in question, and if it is necessary to prevent the said Duncan from disposing of and squandering said property, that he be enjoined from improperly disposing of any of said property to the end that it may be preserved until the same can be divided under the law in such cases made and provided, and for all special and general relief."

At the trial of the cause, the plaintiff, Duncan, testified, in part and in substance, that he married the mother of the defendant in the year 1912, and that they lived together as husband and wife until the death of the wife in 1925. That at the time of such marriage, he possessed about $1,000; that in the year 1920, he purchased the lot involved for the sum of $2,400, and took title thereto by deed in his name, the purchase price being paid by him out of his own funds accumulated in whole or in part from his personal earnings during coverture; testified that his said wife faithfully performed her duties as a housewife; also testified to certain extra expense or damage incurred by him in obtaining a loan on the property occasioned by reason of the filing of record of an affidavit by the defendant, Pridemore, wherein she asserted that she was the owner in fee simple of an undivided one-half interest in the lot. A demurrer was interposed to the plaintiff's evidence, which was overruled, and the defendant elected to stand on her demurrer, whereupon the court rendered judgment in favor of the plaintiff quieting his title to the lot and awarding him $29 damages, from which judgment the defendant appealed.

The plaintiff in error argues her several assignments of error under the proposition that the decision of the trial court is contrary to the law, and presents her contention in the following language:

"The contention of the plaintiff in error is: That the property here in controversy was acquired by the joint industry in the meaning of section 11301, C. O. S. 1921, during coverture, and that being true, that the defendant here being the child of the wife of the plaintiff by a former marriage, inherited a one-half interest in the property here in controversy."

She further says that, under the facts shown in the present action, the lot is community property, and refers to the rule established in the states of Louisiana, Texas, Arizona, New Mexico, California, and Washington, which hold that property acquired during coverture is presumed to be community property. We do not consider the rule and decisions of the courts of those states applicable or controlling in the instant case, because those states have by statute created what is known as community property.

"The doctrine of community property, as applied to the marriage relation, in force in some of the states of this country, exists only by statute." Nelson v. Nelson (Minn.) 183 N. W. 354.

See, also, 5 R. C. L. 824-25; 31 Corpus Juris, 11-12.

Our attention is not called to any decision from this state or any statutory provision which would support plaintiff in error's claim to the property here involved. In several cases this court has construed the meaning and effect of that portion or proviso of section 11301, C. O. S. 1921, relied on by the plaintiff in error. See Schafer v. Ballou, 35 Okla. 169, 128 Pac. 498; Black v. Haynes, 45 Okla. 363, 145 Pac. 362; In re Barnes Estate, 47 Okla. 117, 147 Pac. 504; In re Estate of Stone, 86 Okla. 33, 206 Pac. 246; Goff v. Goff, 104 Okla. 257, 231 Pac. 204; Louthan v. Johnson, 111 Okla. 170, 239 Pac. 173; Flowers v. Flowers, 117 Okla. 209, 245 Pac. 622.

Our statutes and decisions clearly establish and show that a husband and wife in this state may each acquire, accumulate, and possess separate property, and dispose of the same without claim or restrictions from the other, except the homestead. Section 6607, C. O. S. 1921, makes it the duty of the husband to support himself and his wife out of his property, or by his labor, and the wife must support the husband out of her separate property when he has no separate property and is unable to support himself.

"Except as mentioned in the preceding section, neither husband nor wife has any interest in the separate property of the other, but neither can be excluded from the other's dwelling." Section 6608, C. O. S. 1921.

See, also, section 6613, C. O. S. 1921.

"In this state a married woman occupies the same status as her husband with respect to the right to contract, maintain, and defend actions, engage in business, and acquire and convey property. Title to her property is not clouded with any presumption that such property was acquired by the efforts or means of her husband." Farmers' State Bank of Ada v. Keen, 66 Okla. 62, 167 Pac. 207.

In the case of Black v. Haynes, supra, the court, in referring to the section of statute here under consideration, section 11301, supra, said:

"It seems quite clear that the purpose of the section under consideration is to provide a general rule of descent, and that the first sentence thereof * * * relates to and qualifies the whole section."

The proviso of section 11301, supra, under consideration here, is purely a rule of descent and distribution, and is not a rule of property. Goff v. Goff, supra.

The first sentence of section 11301 relates to persons having title to any estate. The mother of the plaintiff in error in the present action had no title to the property involved and apparently could not have prevented its sale or transfer by the title holder and owner, unless it were a homestead, and we fail to see how her heir can legally assert any greater right.

The rule and authorities in the case of York v. Trigg, 87 Okla. 214, 209 Pac. 417, establish and hold that property, such as is here involved, may be disposed of in good faith by the title holder without restriction or claim of the wife.

We find no authority or controlling decision sustaining plaintiff in error's claim to the property involved, and find no error in the action of the trial court in entering judgment in favor of the plaintiff below.

Judgment of the trial court is affirmed.

BENNETT, TEEHEE, EAGLETON, and HERR, Commissioners, concur.

By the Court: It is so ordered.