## WELLS FARGO & CO. EXPRESS *et al.* v. STATE.

No. 5358.   Opinion Filed October 13, 1914.   Rehearing Denied December 22, 1914.

(144 Pac. 1021.)

CARRIERS—Corporation Commission—Appeal—Suspension Bond—Conviction on Payment of Excess Charges.   Where an express company is required by the Corporation Commission to give an additional suspending bond, pending an appeal from an order of the Corporation Commission prescribing rates, rules, and regulations applicable to intrastate express business, under Act. February 10, 1913 (Laws 1913, c. 10), the Commission has the right to require such suspending bond to be conditioned that the express company will pay to the Commission, for distribution by the Commission to the parties entitled thereto, all charges which the express company may collect or receive, pending said appeal, in excess of those fixed or authorized by the final decision of the Supreme Court.

(Syllabus by the Court.)

Appeal by Wells Fargo & Co. Express and others from an order of the Corporation Commission.   Order affirmed.

*Cottingham & Bledsoe,* for appellants.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for the State.

LOOFBOURROW, J.   This is an appeal from an order of
the Corporation Commission of the state of Oklahoma by Wells
Fargo & Co., the American Express. Company, and the United
States Express Company from the action of the Corporation
Commission in refusing to approve an additional suspending
bond pending appeal from Order No. 203 of the Corporation
Commission of the state of Oklahoma to the Supreme Court of
the state.   The facts relating to the appeal are brief.   On the
11th day of June, 1909, the Corporation Commission of the state
of Oklahoma issued its final Order No. 203, prescribing rates,
rules, and regulations applicable to all intrastate express business
in the state of Oklahoma, and all companies engaged therein,
effective August 1, 1909.   The United States Express Company
appealed from said order and gave a bond in the sum of $33,000.
On the 12th day of July, 1913, it was required, by the Corpora-
tion Commission, to give an additional bond of $277,000.   Wells
Fargo & Co. likewise appealed from Order No. 203 of the Cor-
poration Commission of Oklahoma and gave a suspending bond
in the sum of $200,000, which bond was subsequently reduced
by the Commission to $80,000.   On the 12th day of July, 1913,
it was ordered by the Commission to give an additional bond in
the sum of $112,000.   The American Express Company also
appealed from Order No. 203 of the Corporation Commission,
executing a supersedeas, or suspending bond, in the sum of
$35,000.   On the 12th day of July, 1913, it was ordered by the
Corporation Commission to increase its bond from $35,000 to
$140,760, the increase being $105,760.   Pursuant to the orders
above referred to, each of the companies prepared and presented
to the Commission for filing and approval, on the 17th day of
July, 1913, bonds in the sums required by the Commission's
orders.   The Commission refused to approve the bonds, and from
the order refusing to approve the bonds, the express companies
appeal, and it is stipulated between the express companies and
the Corporation Commission that the cause be submitted to this
court for decision upon the following question:

"Are the appellants entitled to give an additional suspending bond conditioned that they will refund to the parties entitled thereto all charges which they may collect or receive pending the appeal, in excess of those authorized by the final decision of the Supreme Court of the state, under the Constitution, or may they be required by the Commission, under Senate Bill No. 81, approved February 10, 1913, to execute such additional suspending bonds conditioned that they will pay to the Commission all charges which they may collect or receive, pending said appeal, in excess of those fixed or authorized by the final decision of the Supreme Court for distribution by the Commission, to parties entitled thereto, pursuant to the provisions of said Senate Bill No. 81?"

Practically every question presented by the briefs of counsel is settled by the opinion of this court in the case of *Pioneer Telephone & Telegraph Co. v. State,* 40 Okla. 417, 138 Pac. 1033, wherein it is held:

"The Corporation Commission of this state has jurisdiction to entertain an action instituted in the name of the state, through the law officer designated by law to appear before said Commission, to recover from a transmission company the refund of excess charges which were collected by it in violation of the rates fixed by said Commission.

"Such action in the name of the state for the recovery of such refunds, for the purpose of the same being distributed to the persons entitled thereto, is a police regulation incident to the effective regulation and control of public service corporations by the agencies of the state.

"The act of February 10, 1913 (Sess. Laws 1913, c. 10), entitled 'An Act conferring authority upon the Corporation Commission to adjust controversies between parties growing out of refunds for public service; to require all refunds to be turned over to the Commission; to determine the amount of refund, and to whom due; and declaring an emergency'—is not repugnant to section 46 (o) of article 5 (section 123, Williams' Ann. Ed.) of the Constitution of this state.

"This court will not listen to the objection to the constitu-

tionality of an act by a party whose right it does not affect, and who has no interest in defeating it."

The bonds should be conditioned as suggested by the Commission, that is, "That the said companies will respectively pay to the Commission all charges which they may collect or receive pending said appeal in excess of those fixed or authorized by the final decision of the Supreme Court, for distribution by the Commission to the parties entitled thereto," and the order to file good and sufficient bonds conditioned as required by the Commission is sustained.

All the Justices concur.