## In re BOVIER'S ESTATE.

No. 3153.    Decided April 9, 1918.    Rehearing denied May 10, 1918.    (172 Pac. 683.)

1. WILLS—CONSTRUCTION—EFFECT OF "PROVISO." A proviso in a will, which is a limitation of a preceding general provision, will be held to limit the immediate clause or general statement, unless it clearly appears from the whole sentence preceding such proviso that the proviso was intended to refer to the whole general provision.[1] (Page 285.)

2. WILLS—CONSTRUCTION—EFFECT OF PROVISOS. Where a will bequeathed certain property to various persons, and then provided that

[1] *In re Campbell's Estate*, 27 Utah, 316, 75 Pac. 851.

if the residue of the estate, after payment of such bequests, should be more than enough to pay just debts and expenses, the remainder should be added pro rata to the bequests, which should be increased proportionately so as to distribute the entire estate, and in case the residue should be insufficient to pay the bequests each of such bequests was to be decreased proportionately, so as to distribute the estate pro rata according to the amount of the bequests, ''provided, however, that the bequest of the lands above described to my nephew shall remain unchanged,'' and the residue was more than sufficient to pay the bequests, the provisions for an additional pro rata distribution were not limited by the proviso relating to testator's nephew, such proviso limiting only the directions as to decreasing the bequests in case of a deficiency. (Page 285.)

Appeal from District Court of Salt Lake County, Third District; *Hon. W. H. Bramel,* Judge.

Suit between Harlow Grow and the executor of the will of Rachel Bovier, deceased, to construe the will.

From the decree both parties appeal.

REVERSED on Harlow Grow's appeal with directions. Affirmed on the executor's appeal.

*G. M. Sullivan* for Harlow Grow.

*Wedgwood, Irvine & Thurman* for the executor.

GIDEON, J.

This appeal requires the construction of the will of Rachael Bovier, deceased. The testatrix died May 14, 1912, and prior thereto had disposed of her real and personal property by will as follows:

By paragraphs 1 to 10, inclusive, she gave to various relatives and one or two friends certain definite sums of money, and in the fourth paragraph gave to Harlow Bovier Grow, a minor, five shares of stock of the Deseret National Bank of Salt Lake City, Utah, with the proviso that the same should not be sold or disposed of until such minor reaches the age

of twenty-one years. In paragraph 6 she gave to her nephew Harlow Grow, in addition to $5,000 in money, two pieces of real estate located in Salt Lake City, Utah, with the proviso that the title to such real estate should not pass from her estate until five years after her death, but that in the meantime the said Harlow Grow should have the right to occupy and reside upon said premises with his family. The testatrix, in paragraph 11, then provides as follows:

"It is my further will and wish that all my just debts and proper expenses of the administration of my estate be first paid out of the residue of my estate, proper expenses of last illness being first paid, and, if the residue of my said estate after the payment of said above-described bequests shall be more than sufficient to pay my just debts and expenses, the remainder above said bequests and expenses shall be added pro rata to the bequests hereinbefore made, and each bequest shall be increased proportionately so as to distribute my entire estate, but under the same terms and conditions as is contained in each separate bequest; and in case the residue of my estate, after the payment of all just debts and expenses, shall be insufficient to pay the full amount of all of said bequests, each of said bequests shall be scaled down and decreased proportionately, so that the estate shall be distributed pro rata according to the amount of the above bequests, provided, however, that the bequest of the lands above described to my nephew Harlow Grow shall remain unchanged."

Five years after the death of the testatrix the executor of the will made his report, and asked the district court for a decree of distribution. It appears from that report that after the payment of the specific gifts or bequests mentioned in the first 10 paragraphs of the deceased's will, and the payment of the expenses, etc., there was a large excess in money and other personal property, and the executor advised the court that in his judgment the bank stock given to the infant Harlow Bovier Grow and the land given to Harlow Grow were not entitled to participate in the prorating of the residue or surplus mentioned in paragraph 11 of the will.

The court construed the paragraph to entitle the minor to

share in the residue in proportion to the appraised value of the bank stock, but denied the right of Harlow Grow to participate in the residue pro rata according to the appraised value of the land given to him by paragraph 6 of the will. From that part of the judgment denying the right to Harlow Grow to pro rate according to the appraised value of the real estate Harlow Grow appeals to this court, and from that part of the judgment holding that the minor Harlow Bovier Grow was entitled to participate in the residue according to the appraised value of the bank stock the executor appeals.

It will therefore be seen that the question for determination by this court is, what was the intent of the testatrix by the last clause of paragraph 11, "provided, however, that the bequest of the lands above described to my nephew Harlow Grow shall remain unchanged"?

Both parties to the appeal invoke the rule that in the construction of a will it is the duty of the court to determine, if possible, from the will itself the intent of the testator. It is also contended that "in determining the testator's intention the court should place itself as near as possible in his position, and hence, where the language of the will is ambiguous or doubtful, should take into consideration the situation of the testator and the facts and circumstances surrounding him at the time the will was executed."

It appears from the record that the deceased left no children and never had had any; that her husband died in the year 1896; that when the appellant Harlow Grow, nephew of the deceased, was of the age of four years, he became an inmate of the home of the testatrix and her husband, and resided with them until the death of the husband, and thereafter made his home with the testatrix; that his relationship to the deceased was very intimate; that some years before the death of the testatrix the appellant married, and at her request he and his wife became inmates of her home, and resided there in intimate and friendly relationship during the remainder of her life.

It is the contention of the appellant Harlow Grow that the proviso in said paragraph 11 intended to limit or apply only

to the latter part of that paragraph, wherein it is provided that, if the residue of the estate was not sufficient to pay all the bequests made in the will, all of said bequests should be cut down pro rata according to the amount of each, while, on the other hand, it is the contention of the executor that the proviso refers not only to the latter part of that paragraph, but also modifies or limits the first part of the paragraph, wherein it provides for the disposition of any residue by pro-rating it, in the event that on the final closing of her estate it is found that a residue exists.

The first part of that paragraph, standing alone, appears to be definite and not susceptible of any doubt as to the meaning of the testatrix. It is provided that the ''remainder above said bequests and expenses shall be added pro rata to the bequests hereinbefore made, and each bequest shall be increased proportionately so as to distribute my entire estate.'' The testatrix, in all of the first ten paragraphs of the will, employs the words, ''give, devise, and bequeath.'' It is therefore evident that no technical or limited meaning can be given to those words or either of them as used in the will, and it would follow that the words ''each bequest,'' etc., mentioned in the above-quoted paragraph, if not limited by some other provision or statement in the will, would include and relate to the bequest of personal property as well as the devise of real property. It is therefore apparent that the first part of that paragraph, or the provisions relating to the increase of the bequests if there is a residue, cannot reasonably be said to be doubtful or ambiguous.

The testatrix then proceeds to provide for the scaling down of the bequests in the event the residue of her estate was not sufficient to pay the full amount of such bequests, and following that the provision in question is found.

The provisions of the will show definitely that it was the desire of the testatrix that her nephew Harlow Grow, by reason of their relationship, should receive the bulk or major part of her estate. It is insisted by appellant that the court would have the right, in determining any uncertain or ambiguous phrases or provisions in the will, to place itself in the

position, as near as possible, of the testatrix. But, independent of that, we are of the opinion that the proviso cannot be held to limit the first part of paragraph 11.

It may be considered as a general rule of construction that a proviso which is a limitation of a preceding general provision will be held to affect or limit the immediate clause or general statement, unless it clearly appears from the whole sentence preceding such proviso that it was the intention of the proviso to refer to the whole general provision. A proviso either imposes a condition or is itself a limitation. In this case it is clearly a limitation of the foregoing general provision.

"The nature and office of the proviso being to restrain or qualify some preceding matter, it should be confined to what precedes it, unless it fairly appears to have been intended to apply to some other matter. It should be construed to relate to the immediately preceding parts of the clause to which it is attached, and will be so restricted, in the absence of anything in its terms or the subject it deals with evincing an intention to give it a broader effect." Words & Phrases, vol. 6, p. 5756.

As indicated, the first part of that paragraph, standing alone, is not ambiguous or uncertain. The rule of construction adopted by this court in *In re Campbell's Estate*, 27 Utah, 361, 75 Pac. 851, is:

"Where the intention of the testator in respect to the particular matter is clearly expressed by the terms of the will, 'any subsequent expression of intention by the testator must, in order to limit' the prior expression of intention, 'be equally clear and intelligible, and indicate an intention to that effect with reasonable certainty.' 1 Underhill on Wills, section 358; 29 Am. & Eng. Ency. Law (1st Ed.) 367-369, and cases therein cited. That is a well-settled rule."

Applying that rule to the paragraph in question: The provisions of the first part of that paragraph, being definite and certain, will not be limited or modified by the proviso attached to the latter part of the paragraph, and especially should that be so when, by the usual rule of construction, the proviso would be limited to the general provisions immediately preceding it.

In *Walker* v. *Alverson,* 87 S. C. 55, 68 S. E. 966, 30 L. R. A. (N. S.) 115, the Supreme Court of South Carolina says:

''When a gift is made in one clause of the will in clear and unequivocal terms, the quantity or quality of the estate given should not be cut down or qualified by words of doubtful import found in a subsequent clause. To have that, the subsequent words should be at least as clear in expressing that intention as the words in which the interest is given.''

To the same effect is *Settles v. Shafer* (Mo.) 129 S. W. 897.

What has been said disposes of the contention of the executor in the appeal concerning the right of the minor to participate in the residue or surplus of the estate.

It follows that the judgment of the district court must be reversed, with directions to allow the appellant Harlow Grow to participate in the residue according to the appraised value of the real estate given to him. The order of the court from which the executor appeals is affirmed. Costs of this appeal to be paid from the funds of the estate.

FRICK, C. J., and McCARTY and CORFMAN, JJ., concur.

THURMAN, J., not participating.