## HICKS v. JEFFRESS.

No. 24270.    Oct. 13, 1936.

Rehearing Denied Nov. 10, 1936.

110

Lowery H. Harrell, Aubrey M. Kerr, Robert S. Kerr, Clyde L. Andrews, and Thos. G. Andrews, for plaintiff in error.

C. F. Green, for defendant in error.

OSBORN, V. C. J. This is an appeal prosecuted by Eva H. Hicks, hereinafter referred to as plaintiff, by transcript, from an order of the district court of Pontotoc county directing the manner of distribution of the estate of George W. Hicks, deceased. Lena Jeffress, now Maxey, defendant in error, a beneficiary under the will of deceased, will be referred to as defendant.

George W. Hicks, a resident of Pontotoc county, died testate in said county on February 5, 1925, leaving surviving him as his sole and only heirs at law, his wife, Eva H. Hicks, and Maudie Mae Singleton and Mabel Clare Anderson, two daughters by a former marriage. The pertinent provisions of the will are as follows:

"Second: I give and devise to my wife, Eva H. Hicks, out of my estate, the part that she will inherit, at my death, under the laws of the State of Oklahoma and no more.

"Third: I give and bequeath to my daughter, Maudie Mae Singleton, now residing near Bedford, Missouri, the sum of Fifteen Hundred and no/100 ($1,500.00) Dollars, and no more.

"Fourth: I hereby give and bequeath to my daughter, Mabel Clare Anderson, now residing at St. Joseph, Missouri, the sum of $2,000.00 and no more.

"Fifth. I hereby give, devise and bequeath to Lena Jeffress, who now resides at my home and has been a daughter to my wife and myself, for several years, the remaining part of all of my estate and property, both real and personal, remaining after the payment of the legacies to my two daughters, and the part that my wife will take under the statutes of the State of Oklahoma."

At the time of the death of testator, section 11224, C. O. S. 1921, was in effect. Section 1, chapter 26, Session Laws 1925 (sec. 1539, O. S. 1931), amending the former section, was enacted subsequent to his death.

John A. Smith was named executor of the will, and after the death of deceased was appointed, qualified and entered upon the discharge of his duties as such executor. The will was duly admitted to probate, inventories and appraisements were filed, and allowances were made to plaintiff for support pending the administration. The executor filed a final report and petition for distribution, whereupon plaintiff filed her petition for distribution wherein she claimed to be entitled to the entire estate on the theory that one-half of the property was hers by virtue of a partnership arrangement with her husband and that she was entitled to the other half by virtue of a certain proviso of section 1617, O. S. 1931 (sec. 11201, C. O. S. 1921), providing that where property is acquired by the joint industry of the husband and wife during coverture and there is no issue, the whole estate shall go to the survivor. A stipulation of facts was entered into by the parties, the material portions thereof being as follows:

"That George W. Hicks was married twice; that of the first marriage there were two children born, named Maudie May Singleton and Mabel Clare Anderson, and are the same parties and children mentioned in the last will and testament of said George W. Hicks: that after the birth of said children, said George W. Hicks and his first wife were divorced and property settlement made with the first wife; and that thereafter on the — day of January, 1896, the said George W. Hicks married Eva H. Hicks, who was his second wife, and who is the party named in the petition for distribution; that there were no children born of his last marriage with Eva H. Hicks; that all of the property owned by George W. Hicks at the time of his death, and now in question, was acquired during his married life with the said Eva H. Hicks, and was the result of their joint industry during their married life.

"That at the time of the death of the said George W. Hicks he left surviving him as his only heirs at law, his wife, Eva H. Hicks, and the following children, Maudie May Singleton and Mabel Clare Anderson, named in said will; that Lena Jeffress, now Lena Maxey, represented herein by her attorney, C. F. Green, is the party referred to as a beneficiary under the fifth paragraph of said will.

"That the said George W. Hicks died in Pontotoc county, Okla., of which he was an actual and permanent resident, at the time and that all the property left by him and involved in this proceeding is situated in the state of Oklahoma."

The county court made an order distributing the property as follows:

"To Eva H. Hicks, wife of Geo. W. Hicks, deceased, an individual one-third (⅓) of the entire estate.

"To Maudie May Singleton, daughter of Geo. W. Hicks, deceased, the sum of $1,500.

"To Mabel Clare Anderson, daughter of Geo. W. Hicks, deceased, the sum of $2,000.

"To Lena Jeffress, now Maxey, all the balance of said estate, both real and personal, being an undivided two-thirds (⅔) of said estate, less the amounts paid to Maudie May Singleton and Mabel Clare Anderson.

"It is further ordered that after the payment of the executor the amounts so allowed for his services and those of his attorneys, and the payment to Maudie May Singleton and Mabel Clare Anderson the amounts devised to them, the balance of said estate be and hereby is distributed to Mrs. Eva Hicks and Lena Jeffress, now Maxey, as hereinbefore ordered, that the executor, John A. Smith, be and he hereby is discharged from his trust and he and his bondsmen discharged from further liability."

From the order of distribution plaintiff appealed to the district court, and after a hearing in said court an order was made affirming the order of distribution of the county court, from which order this appeal is prosecuted.

While the cause was pending in the district court plaintiff instituted a separate action in said district court wherein plaintiff sought to recover half of the property held by the executor of the will on the theory that a partnership existed between plaintiff and her husband during his lifetime. Plaintiff prevailed in the trial court, the cause was appealed to this court and the judgment reversed. Jeffress v. Hicks, 156 Okla. 291, 10 P. (2d) 419. In that case it was held that the county court had jurisdiction to decree a distribution of all of the property for the reason that plaintiff had filed an agreed statement of facts wherein it was admitted "that all of the property owned by George W. Hicks at the time of his death and now in question was acquired during his married life with the said Eva H. Hicks and was the result of their joint industry during their married life." It was also pointed out in the opinion of this court that plaintiff had made no effort to comply with the probate law relative to partnerships, to wit, section 1201, C. O. S. 1921 (1197, O. S. 1931). It is urged in this appeal that the former opinion of this court is erroneous and should be overruled for the reason that the county court is without jurisdiction to try the title to property. The former opinion held that plaintiff had admitted in the probate court that the property involved was the property of the deceased acquired by the joint industry of plaintiff and deceased and that by such admission plaintiff was estopped to claim that the property was partnership property and that one-half thereof belonged to plaintiff as her part. By virtue of such admission no question of title was involved; therefore, the county court was vested with authority and jurisdiction to distribute the estate.

We pass to a consideration of plaintiff's claim under the statute relating to descent and distribution. The pertinent provisions of section 1617, O. S. 1931, are as follows:

"When any person having title to any estate not otherwise limited by marriage contract, dies without disposing of the estate by will, it descends and must be distributed in the following manner: * * *

"Second: * * * Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor. * * *"

This section has heretofore been construed by this court in the case of In re Estate of Stone, 86 Okla. 33, 206 P. 246, wherein it is said:

"We think it is clear that the intention of the Legislature in adopting the statute, supra, was, that on the death of the husband, he having title to any estate, not otherwise limited by marriage contract, dying **without disposing of the estate by will,** leaving a wife, and where the property was acquired by the joint industry of husband and wife during coverture and there is no issue, the whole estate shall go to the wife."

In the case of Appeal of Sims' Estate, 162 Okla. 35, 18 P. (2d) 1077, it is said:

"It is contended that since the court found that the estate consisted of jointly acquired property, Mag Hyatt was entitled to all of it under the provisions of subdivision 2, section 11301, C. O. S. 1921. The provisions of that section are applicable only 'when any person having title to any estate not otherwise limited by marriage contract, dies without disposing of the estate by will. * * *' Since J. H. Sims did not die without disposing of his estate by will, and since he disposed of his estate by will, in so far as he was authorized by the statutes of Oklahoma so to do, the section is not applicable."

It has been the uniform holding of this court that the first sentence of section 1617, supra, "When any person having title to any estate not otherwise limited by marriage contract, dies without disposing of the estate by will, it descends and must be distributed in the following manner: * * *" relates to and qualifies the whole section. Black v. Haynes, 45 Okla. 363, 145 P. 362; Louthan v. Johnson, 111 Okla. 170, 239 P. 173; Pridemore v. Duncan, 146 Okla. 70, 293 P. 266.

## 112

It is also urged by plaintiff that section 1617, supra, has no application for another reason, that is, that the deceased left "issue" within the meaning of the term as used in the statute. The contention of plaintiff is sustained by the opinion of the court in the case of Schafer v. Ballou, 35 Okla. 169, 128 P. 498. In that case the deceased had been married twice. By the first marriage he had one child and by the second marriage he had none. It was held that the child of defendant by the first marriage constituted "issue" and that the contention of the second wife that she was entitled to the whole estate since it was acquired by joint industry during coverture was without merit. Plaintiff attempts to distinguish the facts in the case of Schafer v. Ballou, supra, from the facts in this case. We have carefully examined the argument presented, and find that there is no distinction.

The proviso contained in section 1617, supra, relied upon by plaintiff herein does not constitute a rule of property in this state, but is purely a rule of descent and distribution. No one acquires a vested right as heir to the property of a living person, and at death the law of the situs governs the devolution of real estate. Goff v. Goff, 104 Okla. 257, 231 P. 204.

In this case plaintiff has attempted to invoke a certain rule of descent and distribution which is not applicable for two reasons: First, that deceased died testate, and, second, that he died with issue.

Plaintiff contends that the decree of distribution is void for the further reason that no order was made reserving to her the right to possess and occupy the homestead; that the order did not provide for the delivery to her of the household goods as provided by section 1223, O. S. 1931, or the "personal property or money exempt by law from levy and sale on execution or other final process," as provided by section 1224, O. S. 1931. The record does not show that these matters were urged before the district court or the county court, but does show that separate inventory was made of lots 6 and 7, block 1, Ford addition to the city of Ada, household furniture, and one Nash automobile. In said inventory it is stated that the "above described premises and personal property are being used by Mrs. Eva H. Hicks, widow of the deceased, as a home and furnishings." It is admitted by plaintiff that she has continued to use and occupy the homestead since the death of deceased to the present time. Under the provisions of section 1223, supra,

no order of the county court is required to entitle the surviving husband or wife to continue in the possession and occupancy of the homestead. Belt v. Bush, 74 Okla. 94, 176 P. 935. Although it is claimed by plaintiff that the decree of distribution does not exempt to her the personal property exempt from levy and sale on execution, she has wholly failed to point out or describe any property falling within this class which it is sought to distribute. Therefore, in view of the state of the record, we are unable to find any merit in this contention. While the decree of distribution provides in general terms for the distribution of the entire estate, it is by no means conclusive that it was the intention of the court to distribute any of the property exempt by law to plaintiff as the widow of deceased. There is nothing shown in the entire record which would justify this court in setting aside the decree of distribution made by the county court and approved by the district court.

On July 9, 1935, this court entered an order directing that the executor immediately pay the sum of $500 and the further sum of $150 per month thereafter during the pendency of this action, not exceeding, however, the amount of cash in the hands of the executor belonging to the estate of George W. Hicks, deceased, to the surviving widow, as a family allowance, said sum to be credited by said executor to the amount due said widow under and by virtue of the prior order of the county court of Pontotoc county. There is no showing from our records as to the status of such payments, but the county court can make adjustment of said accounts in accordance with said orders.

The district court is directed to order the county court of Pontotoc county to distribute the property of said estate under the terms of said will after the payment of all debts, expenses of administration and legacies, and the widow's allowance heretofore authorized by order of the court dated April 3, 1926, except that the property of said estate designated by sections 1224 and 1228, O. S. 1931, should be set aside to the widow, and the homestead should be distributed subject to the right of the widow to use and occupy the same under the provisions of section 1223, O. S. 1931.

The judgment is affirmed.

McNEILL, C. J., and RILEY, BAYLESS, WELCH, CORN, and GIBSON, JJ., concur. BUSBY, J., disqualified and not participating. PHELPS, J., absent.