In re FRARY'S ESTATE.

*96 P. 2d 526.*

No. 28920.   Nov. 28, 1939.

Alice C. Stamper and Shirley N. Rogers, both of Guymon, and John E. Luttrell, of Norman, for plaintiff in error.

Rizley & Dale and Grester H. LaMar, all of Guymon, for defendants in error.

RILEY, J.   Richard E. Frary, late of Texas county, Okla., died intestate on the 3d day of June, 1936, leaving real property in that county, the title to which was in him, consisting of 480 acres of land, being the S.W.¼ of section 13; the S.W.¼ section 24; and N.W.¼ section 23, all in township 4, range 12 E.C.M. He also left cash, some money in the bank, some building and loan stock,

and a claim for $500, upon which suit was pending against the City National Bank of Guymon.

He had been married, but left no surviving wife and no children, nor children of a deceased child, nor father nor mother.

His sole heirs were Ina Banks, Mina Banks, and Ruth Frary, sisters, and Carrie Frary and Marie Frary, daughters of a deceased brother.

T. F. Wright was appointed administrator, but was later displaced by Mina Banks, one of the sisters of deceased. Wright, while acting as administrator, had converted the building and loan stock into cash, receiving therefor the sum of $1,881.

On November 10, 1937, Mina Banks, as administratrix, filed her verified final account and petition for distribution. She prayed that said estate be distributed to the heirs at law of deceased. The final account and petition for distribution was set for hearing on December 13, 1937.

Rolla Lee Nicholas, Pearl Church, Goldye Menk, and Donald Nicholas, hereafter referred to as the Nicholas heirs, filed objections; excepting to the final account and petition for distribution, claiming the right to share in said estate. They set out that they were the children and sole heirs and devisees of the estate of Emma Nicholas Frary, deceased; that Emma Nicholas Frary, prior to and at the time of her death, was the wife of Richard E. Frary, and that all the money and property listed as assets of the estate of Richard E. Frary was jointly acquired by deceased, and Emma Nicholas Frary, during coverture; that they were children of said Emma Nicholas Frary by a former husband, and as her heirs were entitled to a share in the jointly acquired property. They alleged that Emma Nicholas Frary died July 31, 1935, eleven months prior to the death of Richard E. Frary.

Hearing was had in the county court, where the final account of the administratrix was approved, and the protest and exceptions were denied, and a decree of distribution was entered distributing said estate to the heirs at law of said Richard E. Frary, and denying the claims of protestants. Appeal was taken to the district court, where hearing de novo was had, resulting in a reversal in part of the decree of the county court, and an order and decree of distribution holding the building and loan stock was the property of Richard E. Frary and Emma Nicholas Frary, jointly by contractual relation, and at the death of the wife all went to the surviving husband by right of survivorship.

Protestants were denied the right to share in the proceeds of said stock. As to the other money the district court held it was property acquired by the joint efforts of Richard E. and Emma Frary, husband and wife, during coverture, and remaining in the hands of the husband at his death, and that such money should be divided one-half to the children and heirs of Emma Nicholas Frary and one-half to the heirs of Richard E. Frary. The same holding was made as to the claim against the bank, and 320 acres of the land, being the S.W.¼ of section 13, and the S.W.¼ of section 24. The N.W.¼ of section 23 was held not to be jointly acquired property and was ordered distributed to the heirs of Richard E. Frary.

Attorney fees were allowed to the attorney for the administrator. An attorney's fee was also allowed to the attorney representing the protestants.

Mina Banks and the other heirs of Richard E. Frary appeal from that part of the decree awarding the Nicholas heirs an interest in the money and land, and that part of the decree allowing an attorney's fee to the attorney for protestants.

The Nicholas heirs file a cross-petition in error appealing from that part of the decree denying them a share in the N.W.¼ of section 23, and the money derived from the building and loan stock.

At the time of the death of Richard E. Frary, and at the time of the death of his wife, title to all the real property here

involved was in Richard E. Frary. The money in the bank was deposited in his name.

The building and loan stock represented by three certificates, two for $800 each, and one for $200, was issued first in 1930 and 1931, all payable to Richard E. Frary. On March 18, 1935, the certificates were surrendered and new certificates were issued, payable to "Rich-E. Frary and/or Emma Frary." On August 10, 1935, after the death of Emma Frary, said certificates were surrendered by Richard E. Frary, and new certificates were issued payable to Richard E. Frary. After his death the certificates were cashed by T. F. Wright, the then administrator of the estate of Richard E. Frary. The claim for $500 against the City National Bank of Guymon was for money on deposit in said bank in the name of Richard E. Frary.

The Nicholas heirs base their claim of right to share in the property involved on the provisions of section 1617, O. S. 1931, and particularly the proviso in subdivision 2 of said section: "Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of the said property remains, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation." They contend this proviso applies to all cases involving jointly acquired property where "Any person having title to any estate not otherwise limited by marriage contract dies without disposing of the estate by will," as that phrase is used in the first part of the section.

In effect they contend that the proviso applies to and limits the entire section to the exclusion of all other applicable subdivisions.

It is well settled that the proviso in section 1617, supra, does not constitute a rule of property in this state, that is, it does not establish what is known as community property or any other rule of property for the reason that no one acquires vested right as heir to the property of a living person, but is purely a rule of descent and distribution. Goff v. Goff, 104 Okla. 257, 231 P. 204; Hicks v. Jeffress, 178 Okla. 109, 61 P. 2d 1079.

It is likewise well settled that the first sentence of section 1617, supra, "When any person having title to any estate not otherwise limited by marriage contract, dies without disposing of the estate by will, it descends and must be distributed in the following manner, * * *" relates to and qualifies the whole section to the extent that if there be a will the said statute on descent and distribution is not then applicable. Hicks v. Jeffress, supra; Black v. Haynes, 45 Okla. 363, 145 P. 362; Louthan v. Johnson, 111 Okla. 170, 239 P. 173; Pridemore v. Duncan, 146 Okla. 70, 293 P. 266.

After the opening sentence of section 1617, supra, follow nine subdivisions. The first subdivision deals entirely with estates where the decedent leaves issue or direct descendants. The first sentence of subdivision 2 provides for cases where the decedent leaves no issue, but leaves a surviving husband or wife, and a father or mother, or both father and mother, and also provides for cases where there is a surviving husband or wife, and no mother or father. In any of such cases the surviving husband or wife takes one-half of the estate. The next sentence provides for cases where decedent leaves no issue, nor husband or wife, but leaves a father or mother, or both father and mother. Then follows the proviso in question.

The general rule of construction appears to be that a proviso which is a limitation of a preceding general provision will be held to affect or limit the immediate clause or general statement, unless it clearly appears from the whole sentence preceding such proviso that it was the intention of the proviso to refer to the whole general provision. A proviso either imposes a condition or is itself a limitation. In re Bovier's Estate (Utah) 172 P. 683.

The proviso here in question is clearly not intended to limit or affect the clause immediately preceding it, for that clause applies only to cases where there is no issue nor surviving husband or wife. It cannot be construed as limiting or affecting any part of the first subdivision of section 1617, supra, for, as stated, that subdivision applies to cases where the decedent leaves a child, children, or issue of deceased child or children. To apply the proviso to that subdivision, where the property has been acquired by the joint efforts of the husband and wife, would be to exclude entirely the children of decedent and their children from participating in the distribution of the estate.

"The true office of a proviso is to restrict the sense or make clear that which has gone before."

"A proviso can have no existence separate and apart from the provision it is designed to limit or qualify. It should be confined to what precedes it, unless it clearly appears to have been intended to apply to some other matter." 50 C. J. 835.

Under the above rules the proviso in question must be construed to apply to, limit, or affect only the *first sentence of subdivision 2 of section 1617, supra.* That is, it applies where there is no issue, and there *is* a surviving husband or wife. In such case, and such case only, does the jointly acquired property go to the surviving husband or wife under the proviso. The proviso is clearly not intended to apply where there *is no* surviving husband or wife. It is likewise clearly not intended to limit, qualify, or affect that which is found thereafter in subdivision 3 of section 1617, supra, which is clearly applicable in the instant case. It provides:

"If there be no issue, nor husband nor wife, nor father nor mother, then in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation. * * *"

We have so finally held in Royston v. Besett, Adm'x, 183 Okla. 643, 83 P. 2d 874. That is a case where the facts were almost the same as here. There the title to jointly acquired property was in the wife. The husband predeceased the wife.

The Nicholas heirs, in their brief, cite and rely in part on Louthan v. Johnson, 111 Okla. 170, 239 P. 173; In re Stone's Estate, 86 Okla. 33, 206 P. 246, as sustaining their contention as to the real property. They are not in point for the reason that the facts were not the same, not even similar. There is no case in this state holding that the heirs of a spouse who dies before the death of the other spouse succeed to any part of jointly acquired property, title to which was in the spouse who died last.

Jones v. Farris, 180 Okla. 341, 69 P. 2d 344, is a case where title to jointly acquired property was in the husband. The wife died. There were children of the union who claimed a right to share in the property upon the theory that they inherited from the mother, because of the interest she might have had in the property as having been acquired by the joint efforts of their mother and father. The claim was denied.

The third subdivision of section 1617, supra, is applicable to the facts in this case. Devolution of the estate comes squarely within its provision and is controlling to the exclusion of any of the provisions of subdivision 2. It follows that the trial court erred in decreeing the children of Emma Nicholas Frary any part of the estate of which Richard E. Frary died seized. This applies to a portion of the land, the building and loan stock and the proceeds thereof, the money on deposit and the claim against the bank.

The judgment is affirmed as to the N.W.¼ of section 23, and the money derived from the building and loan stock, and is reversed as to all other property.

In such circumstances it was error to allow an attorney's fee to the attorney representing the Nicholas heirs out of the estate of Richard E. Frary, in which the Nicholas heirs had no interest. Nichols v. Wallace, 155 Okla. 231, 9 P. 2d 430.

The part of the judgment allowing such attorney fee is reversed.

The cause is remanded, with directions to enter judgment in accordance with the views herein expressed.

BAYLESS, C. J., WELCH, V. C. J., and HURST and DAVISON, JJ., concur.