ESSEX, Adm'x, v. WASHINGTON.

No. 32184. Nov. 19, 1946.

Rehearing Denied Jan. 21, 1947.

*176 P. 2d 476.*

Ernest R. Brown, of Pryor, for plaintiff in error.

R. A. Wilkerson, of Pryor, and Ben L. Murdock, of Tulsa, for defendant in error.

Albert L. McRill, of Oklahoma City, amicus curiae.

OSBORN J. This action was brought by Hattie Essex, administratrix of the estate of Almeda Ann Washington, deceased, against Laura Alice Washington individually and as administratrix of the estate of J. L. Washington, deceased, seeking to partition the property, real and personal, belonging to the estate of J. L. Washington, and to limit and define the homestead rights of Laura Alice Washington as the surviving wife of J. L. Washington. Defendants demurred to plaintiff's petition on the grounds (1) that the district court was without jurisdiction to hear and determine the cause; (2) that the petition failed to state facts sufficient to constitute a cause of action; and (3) that the plaintiff was not the real party in interest. The trial court sustained the demurrer without specifying the ground or grounds upon which he based his judgment, and plaintiff appeals.

In substance the petition alleges that plaintiff is the duly qualified and acting administratrix of Almeda Ann Washington, deceased; that J. L. Washington and Almeda Ann Washington were husband and wife for approximately 50 years; that when they were married J. L. Washington owned no property, but that Almeda Ann owned property of the approximate value of $500; that during their married life, by their joint efforts and industry, they acquired, jointly, property of the approximate value of $10,000, describing it; that Almeda Ann Washington died intestate and without issue on February 3, 1936, leaving as her sole and only heir her husband, J. L. Washington; that J. L. Washington married a second wife, Laura Alice Washington, and died, intestate and without issue, on July 10, 1944; that the property described in the petition as having been jointly acquired by the joint efforts of Almeda Ann and J. L. Washington is in the possession of the defendants, and is listed in the inventory and appraisement of the estate of J. L. Washington, deceased, and that there is other property in the possession of defendants which is not so listed, the exact nature thereof being unknown to plaintiff; that in order to properly probate the estates of Almeda Ann Washington and J. L. Washington it is necessary that the property be divided between plaintiff and defendants. It prays for judgment decreeing the estate of Almeda Ann Washington to be the owner of one-half of all the property, and that plaintiff be adjudged entitled to the immediate possession of such one-half. Plaintiff further prays that Laura Alice Washington be required to fully disclose all the property owned by J. L. Washington at the time of his death, and not listed in the inventory and appraisement of the estate of J. L. Washington, and that plaintiff be decreed to have an undivided one-half thereof.

In a second cause of action, plaintiff alleges that Laura Alice Washington claims a homestead interest in the real estate belonging to J. L. Washington, deceased, and asks that such claim be adjudged null and void against the portion owned by the estate of Almeda Ann Washington, deceased.

It is apparent from the averments of the petition, and it is admitted in the brief of plaintiff, that the legal title to the property involved was taken in the name of J. L. Washington, and that Almeda Ann Washington was never at any time vested with title to any of said property.

Plaintiff contends that upon the death of Almeda Ann Washington the proviso in the second subdivision of 84 O.S. 1941 §213 became operative, and that upon the death of J. L. Washington, intestate and without issue, a one-half interest in the property acquired during coverture was, by operation of the proviso, vested in the heirs of Almeda Ann Washington,

and became the property of the estate of Almeda Ann Washington, and that plaintiff, as the duly appointed and acting administratrix of said estate, is entitled to the possession of such one-half of said property.

84 O.S. 1941 § 213, insofar as is pertinent to the question presented, reads as follows:

"When any person having title to any estate not otherwise limited by marriage contract, dies without disposing of the estate by will, it descends and must be distributed in the following manner: First . . . Second. If the decedent leaves no issue, the estate goes one-half to the surviving husband or wife, and the remaining one-half to the decedent's father or mother, or if he leave both father and mother, to them in equal shares; but if there be no father or mother, then said remaining one-half goes, in equal shares, to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation. If decedent leave no issue, nor husband nor wife, the estate must go to the father or mother, or if he leave both father and mother, to them in equal shares: *Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of the said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation.*"

Plaintiff admits that, as this court has often held, the proviso is purely a rule of descent and distribution, and does not constitute a rule of ownership of property. But she insists that by the proviso property acquired by joint industry during coverture is given a peculiar status not attending property which descends in the ordinary manner. Amicus curiae asserts that upon the death of the first spouse, regardless of which spouse holds legal title to the property, an interest in the nature of a contingent remainder vests in the heirs of the deceased spouse, Byers v. Brinlee, 157 Okla. 72, 10 P. 2d 690, and Goff v. Goff, 104 Okla. 257, 231 P. 204, are cited

in support of these statements. We do not agree with these contentions, nor do we think the cited cases in any wise support them.

In Byers v. Brinlee, supra, the husband, in whom title to the property was vested, died first. He was survived by his wife and by two brothers, and by operation of the proviso the property vested in her. The wife thereafter died, leaving a daughter, and the court held that upon the death of the wife the property vested one-half in the daughter of the wife, and one-half in the brothers of the husband. In that case we said that the title of the brothers accrued only upon the death of the wife without having disposed of the land. Nothing in the opinion justifies the inference that prior to the wife's death any estate or interest in the property was vested in them.

In Goff v. Goff, supra, title to the property was vested in the husband, who dies intestate and without issue, leaving a surviving wife. Upon his death his mother claimed to be entitled to a one-half interest in the land involved, which was acquired during coverture. The court said:

"Edgar H. Goff having acquired title to the lands in controversy during his lifetime by the joint industry of himself and his wife, the proviso of the second subdivision of section 11301, Comp. Stat. 1921 (84 O.S. 1941 §213) applies"

The court further said:

"No one acquires a vested right as heir to the property of a living person, and at death the law of the situs governs the devolution of real estate. In the case of husband and wife, in the absence of issue, the law of this state has made the survivor the sole heir as to all property acquired by their joint industry."

Clearly, nothing in that case supports the contention of plaintiff.

In Hicks v. Jeffress, 178 Okla. 109, 61 P. 2d 1079, we stated that it was the uniform holding of this court that the first sentence of the statute above quoted related to and qualified the whole

section, citing a number of cases so holding.

In Pridemore v. Duncan, 146 Okla. 70, 293 P. 266, title to the property was vested in the husband, who testified that while it was acquired during coverture, it was purchased with his personal earnings after his marriage. The wife died first, and her daughter by a former husband asserted ownership of a one-half interest by virtue of the proviso above quoted. The court said:

"The first sentence of section 11301 (84 O.S. 1941 §213) relates to persons having title to any estate. The mother of plaintiff in error in the present action had no title to the property involved, and apparently could not have prevented its sale or transfer by the title holder and owner unless it was a homestead, and we fail to see how her heir can legally assert any greater right."

In Appeal of Sims' Estate, 162 Okla. 35, 18 P. 2d 1077, 1082, we said:

"The provisions of that section (84 O.S. 1941 §213) are applicable only 'When any person having title to any estate not otherwise limited by marriage contract dies without disposing of the estate by will'."

In Jones v. Farris, 180 Okla. 341, 69 P. 2d 344, legal title to the jointly acquired property was in the husband. The wife died, and the children asserted an interest in the land as heirs of their deceased mother. The court held the proviso, supra, inapplicable for the reason that there were children, or issue. The court said:

"The legal title here was in the husband. Whatever rights were available to the wife, to assert or resolve an interest in the jointly acquired property, were never by her exercised, and it may be she never would have cared to exercise them. . . . We cannot hold that this right which she had, as a wife, descended to her children, for it was a right which was available if she desired to use it, but which apparently she chose not to use, and which therefore was not vested. As a general rule the community character of property jointly acquired by husband and wife is dissolved by the death of either spouse (5 R.C.L. 863) unless some statute prescribes otherwise . . . "

In Re Frary's Estate, 186 Okla. 126, 96 P. 2d 526, the facts were identical with the facts in the instant case. There the wife, in whom no title was vested, predeceased her husband, in whom title to the jointly acquired property was vested. There was no issue of the marriage. The wife left a will, but that fact had no bearing on the question involved. After the death of the husband, the heirs and devisees of the wife claimed one-half of the jointly acquired property by virtue of the proviso, supra. We denied the claim, holding that the proviso applied to and limited only the first sentence of subdivision 2 of section 213. We held that the first sentence of section 213 related to and qualified the whole section. Further we said:

"There is no case in this state holding that the heirs of a spouse who dies before the death of the other spouse, succeed to any part of jointly acquired property, title to which was in the spouse who died last."

From the decisions above referred to it is plain that this court has always considered, and consistently held that, in the absence of any contract between the husband and wife, the proviso above quoted applied, and governed the descent of jointly acquired property, only in that the event the spouse holding title thereto predeceased the spouse in whom title was not vested. This for the reason that the spouse not holding title had no vested interest in the jointly acquired property which could be transmitted to heirs or disposed of by will. Those decisions give effect to the first sentence of section 213, supra, which makes the provisions of the entire section applicable only to those persons having title to any estate. The proviso, being a rule of descent and not a rule of ownership, does not operate to vest the nontitle-holding spouse with any interest in the property except upon the death of the spouse holding title, and

consequently the death of the spouse not holding title would not affect the title in the hands of the survivor. In such case there would be no room for the operation of the proviso.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and BAYLESS, WELCH, and DAVISON, JJ., concur. RILEY, J., dissents.

---

RILEY, J. (dissenting). The issue presented in the case at bar is whether the proviso of the second subdivision of 84 O.S. 1941 §213 restricts and modifies the entire section, or whether the first sentence of the subdivision, as was held in Re Frary's Estate, 186 Okla. 126, 96 P. 2d 526, restricts the proviso. The court labored in error with the last-mentioned opinion.

Under the general rule of construction, a proviso limits the immediate clause or general statement, unless the intention of language under construction refers to the whole section. In re Bovier's Estate, 52 Utah, 280, 172 P. 683. The proviso again presented to the court has been construed to be an exception to the general rule. It reads:

"Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of the said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation.'

The proviso was heretofore thought to apply to the first sentence of the statute (subdivision 2) supra, because it deals with the condition "if the decedent leave no issue", but the body of the proviso itself made use of the same condition "and there is no issue". The repetition serves no useful purpose as it is wholly unnecessary to go beyond words of the proviso itself constituting the identical condition, to clarify intention

or meaning. Neither was the proviso intended to apply or limit that which immediately preceded it, for that condition is where the decedent leaves "no ... husband or wife", whereas if either spouse survives, that person is the object of the proviso. This court has held the proviso limited, by the original phrase of the statute, "having title to any estate not otherwise limited by marriage contract . . .", but it is self-evident that such a construction places in converse the function and relation of a statute and a proviso of it.

In re Frary's Estate, supra, is diametrically opposed to the general rule as stated in Re Bovier's Estate, supra. Such construction limits the statutes of descent and distribution (sec. 213, supra) so as to apply provisions of them only in the absence of a disposition of the estate by will. In re Sims' Estate, 162 Okla. 35, 18 P. 2d 1082.

While in Hicks v. Jeffress, 178 Okla. 109, 61 P. 2d 1079, it is said the first sentence of the statute, supra, relates to and qualifies the whole section, as disclosed by the first paragraph of the syllabus, that part of the sentence which was held to qualify the whole section was limited to disposition of the estate by will. There the testator had title to real and personal property constituting assets of the estate, and so the construction does not conclude the facts of the case at bar, for, as stated, naked legal title to the estate vests in the name of the other spouse. In Re Estate of Stone, 86 Okla. 33, 206 P. 246, stress was placed upon nondisposition of the estate by will. In the absence of issue, the whole estate jointly acquired by husband and wife during coverture, under the provisions of the second subdivision, was distributed to the surviving spouse with contemplation that at the survivor's death, if any of the property remain, one-half of it would go to the heirs of the husband and one-half to the heirs of the wife, according to their right of representation.

It may be noted in the first paragraph

of the syllabus in Re Estate of Stone, supra, that the "fair interpretation" made of the statute, supra, entirely deletes the phrase relating to the spouse having title to property jointly acquired, and such was the view of the court, expressed by Mr. Justice Kane, in Black et al. v. Haynes, 45 Okla. 363, 145 P. 362, where by the "fair interpretation" of the legislative intent of the statute the condition as to title of jointly acquired property was omitted and by devolution, under terms of the proviso, the estate vested in the surviving spouse.

In Re Barnes' Estate, 45 Okla. 117, 147 P. 504, with consideration urged as to whether the property was the separate property of the deceased spouse or community property, this court was of the opinion "that it makes no difference . . . as the controlling question . . . is whether or not the estate being administered upon consisted of property acquired during coverture by the joint industry of husband and wife". Therein it was of no significance whatever as to which spouse had title to the property. The issue of the right of either spouse to take immediately by descent, as in jurisdictions governed by rule applicable to community property, was put at rest under the doctrine that "No one has the vested right to be the future heir of a living person".

In Schafer v. Ballou, 35 Okla. 169, 128 P. 498, this court, speaking through Mr. Justice Kane, said the statute was clear; the statute did not cut off from inheritance lineal descendants or issue. Its purpose is, it was said, "to prevent the collateral kindred of a deceased married person from inheriting his property accumulated during coverture by the joint industry of husband and wife, until after the death of the surviving spouse".

The attainment of a just and rightful government, in the devolution of property, is the purpose of the statute. The statute applies to the basis unit of society, the family. The right provided is analogous to the law of community property. It is comparable also to the rule applicable to partnership property, by virture of which, when a partner dies, the other becomes, as to assets of the partnership, a trustee. As with partnership property, as to which of the partners should happen to hold naked legal title to the res of the estate should make no difference in the law applicable.

The law of succession is predicated on the concept that the family, or clan, and not the individual, is the unit of ownership. Fundamentally, then, there may be no alienation of the family property without the consent of the other spouse. Death is a state of innocuous desuetude. Upon this mortal coil the effect of death is not the conference but the withdrawal of power and authority.

The proviso, supra, constitutes of the law of succession, as applied to property jointly acquired during coverture, a sort of joint tenancy with right of survivorship. Tooley v. Com'r. of Int. Rev. (9 Cir.) 121 F. 2d 350; 29 C. J. 784; 40 C.J. 43; Sargeant v. Sargeant, (Tex. Civ. App.) 19 S. W. 2d 382. The intent and purpose is to provide for each citizen, out of his or her joint accumulation. As at common law, the dwelling place with interest in land lying about and contiguous to it, should be, except in necessitous circumstances, and with joint desire, expressed, inalienable. Riggs v. Sterling, 60 Mich. 643, 27 N. W. 705; 1 Am. Rep. 554; 3 Bl. Com. 418; Stat. Westminister 2 (13 Edw. ch. 1, 18).

Nothing can be found within the proviso which, according to the general rule, qualifies and restricts that which immediately precedes it. Nothing within either the proviso or the statute itself limits the right of the surviving spouse to succession of property jointly acquired. Mere naked legal title in the deceased intestate spouse should not limit applicability of the proviso. Equity and rules of construction urge the contrary. The exception as to testate property, indulged in the Sims Case, supra, violative of the rules of grammatical

construction, induced the error in Frary's Estate, infra. Error should neither be perpetuated nor extended. There is no present necessity to overrule any decision except In re Frary's Estate. 186 Okla. 126, 96 P. 2d 526. It is of recent origin and should be overruled. This I know better than anyone, for I wrote it. I am a better lawyer now than I was then.