School Property — Annexation — Community Purpose No agency exists in the annexed district which could transfer title as provided in the underlined portion of 70 O.S. 8-6.1 [70-8-6.1] (1968). The legal title to the school property of the annexed district vests in the annexing district when the annexation becomes final. The electors of the annexed district have one (1) year from the date of annexation to call an election and by a majority vote cause the Board of Education of the annexing district to convey title to any of the agencies, organizations or corporations mentioned in 70 O.S. 7-6 [70-7-6] and 70 O.S. 7-3 [70-7-3] (1968), to be used for community purposes, with a reversionary clause m the conveyance to the annexing district, in case the property ceased to be used for community purposes. The terms of this transfer of title or conveyance should be evidenced by a resolution of the Board of Education of the annexing district. The Attorney General is in receipt of your letter of June 5, 1968, wherein you quote the proviso of Section three (3) of Senate Bill No. 585, Thirty-First Oklahoma Legislature, Second Session, (1968) and request our opinion upon the following questions: "1. Is this quoted portion of Senate Bill 585 functional legislation since the board of education of an annexed district ceases to exist on the effective date of such annexation? "2. If your answer to question 1 is affirmative, what agency exists in an annexed district which could take the official action indicated in the quoted portion of Senate Bill 585?" The Oklahoma School Code, Art. 7, Section 4(a), and Art. 7, Section 6, (O.S.L. 1949, p. 547) respectively provided: "In case the area affected comprises an entire school district, the district to which it is annexed shall become the owner of all the property and other assets of the district which it forms and shall be liable for the current debts and other obligations of such district." "Any building and appendages thereto of any school district that was annexed by the State Board of Education to another school district or districts under the provisions of House Bill No. 585 of the Twenty-first Oklahoma Legislature which building and appendages that are not now being used at least once a month for public gatherings may be rented, moved or sold by the present board of education without a vote of the residents of the original district." Article 7, Section 4(a), S.L. 1949, was immaterially amended in 1951 (S.L. 1951, p. 213, Section 8) and now is compiled as 70 O.S. 7-4 [70-7-4](a) (1961). Article 7, Section 6, S.L. 1949, was amended by S.L. 1951, p. 213, Section 9, is now compiled as 70 O.S. 7-6 [70-7-6] (1961), and reads: "No building or appendages thereto of any school district that has been annexed to another school district or districts shall be rented, moved or sold by the board of education of the annexing district or districts without the approval of a majority of the school district electors in the annexed district voting on the proposition, if such building is being used at least once each ninety (90) days for public gatherings. Provided, that the board of education of the annexing district acquiring such building may require persons or groups using such building or appendages to pay the cost of maintenance, including insurance, of such building and appendages." Then, the Thirtieth Oklahoma Legislature amended 70 O.S. 7-6 [70-7-6] (1961) (S.L. 1967, ch. 141, Section 1), cited as 70 O.S. 7-6 [70-7-6] (1968), to provide: "No building or appendages thereto of any school district that has been annexed to another school district or districts shall be rented, moved or sold by the board of education of the annexing district or districts without the approval of a majority of the school district electors in the annexed district voting on the proposition, if such building is being used at least once each ninety (90) days for public gatherings. Provided, that the board of education of the annexing district acquiring such building may require persons or groups using such building and appendages to pay the cost of maintenance, including insurance, of such building and appendages. Provided, further, that title to any such property may be transferred by the board of education of such school district, after the same has been approved by a majority of the electors of the school district, present and voting, at an election called for such purpose, to a city, town, county or other governmental subdivision or to any organization authorized by law to take and hold title to real and personal property, for use as a neighborhood facility, community center or adult education center. Such transfer may be effected without necessity for bid and without consideration." Senate Bill No. 585, Thirty-first Oklahoma Legislature, Second Session, Section three (3), mentioned in your questions, provides: "Once a school district has voted to dispense with grades 1 to 8 or 1 to 12, it shall be illegal for the board of education of such district to sell, exchange, trade, junk, salvage, or otherwise dispose of any furniture, equipment, land, buildings, or other such assets belonging to the school district unless such sale, exchange, trade or disposal is made to, and only to, another public school district in the State of Oklahoma. It shall also be illegal for the board of education to expend the school district's funds for any purpose after the end of the fiscal year in which grades 1 to 8 or 1 to 12 have been dispensed with except in payment of legal transfer fees, bond and property insurance premiums, utilities, salary of the clerk of the board of education, audit expenses, and the expenses necessary for the preservation and maintenance of school property; provided, that any district annexed or dispensing with school, shall have one (1) year from date of annexation to transfer title, sell or convey land and buildings to a nonprofit corporation to be used for community purposes, and provided that when such use ceases, then the title to said land and buildings shall be vested in the annexing school district, which shall be evidenced by resolution of the annexing school district." (Emphasis added) From the above quoted statutes it appears the district annexing another school district becomes the owner of the property of the annexed district S.L. 1949, ch. 1A, Section 4(a), but that such ownership was qualified in that if buildings were used at least once each month for public gatherings the same could not be rented, moved or sold without a vote of the residents of the original (annexed) district, S.L. 1949, ch. 1A, Section 7. The ownership of buildings of the annexed district by the annexing district was further qualified in 1951 S.L. 1951, p. 213 Section 9, 70 O.S. 1961 Section 7-6[70-7-6] [70-7-6], by a proviso permitting the annexing district to require persons and groups using the buildings to pay the cost of maintenance and insurance thereon. Title 70 O.S. 7-6 [70-7-6] (1961) was construed by our Supreme Court in the case of High Hill Rural Development Club v. Great American Ins. Co., Okl., 428 P.2d 249, (1967) where the Court held in the syllabus, "The property and assets of a school district are held as a public trust and when a school district becomes the owner of a building by annexation and has not encumbered or disposed of its interest in a manner provided by law, the annexing school district is entitled to the proceeds of an insurance policy insuring such building if the building is destroyed even though the annexing school district is not the named beneficiary in the insurance policy." And in the body of the opinion the Court said, ". . . . Therefore, since the building was held in trust by the annexing school districts for the use and benefit of the public, the proceeds of the insurance policy are likewise public property that are held in trust for the school districts involved. . . ." In 1967, Section 7-6 was further amended S.L. 1967 ch. 141, Section 1 to provide for the transfer of title to such surplus school property to a city, town, county or other governmental subdivision or to an organization authorized by law to take and hold title for use as a neighborhood facility, community center, or adult education center, without bid or consideration. This amendment left the legal title to the annexed school property in the annexing school district from and after the date of annexation with the same limitations that were in the 1951 amendment, supra, that the buildings could not be rented, moved or sold by the board of education of the annexing district, the holder of the legal title to the property, without approval of the voters of the annexed district if such property was used at least once each ninety (90) days for public gatherings, and that the board of education of the annexing district acquiring such building may require persons or groups using such buildings to pay the cost of insurance and maintenance thereon. The legal title to the property of an annexed school district appears to have been further limited in the hands of the annexing school district in the 1967 amendment by the proviso that the electors of the annexed school district could authorize the board of education of the annexing district to transfer title to such school property to a governmental subdivision or other organization authorized to hold title, for use as a neighborhood facility, community or adult education center, without bid or consideration. Senate Bill No. 585, Thirty-first Oklahoma Legislature, Second Session, SL. 1968, ch. 393, Section 3; 70 O.S.Supp. 1968 Section 6.1[70-6.1] [70-6.1] was not enacted as part of the school code and did not purport to amend or repeal 70 O.S.Supp. 1968 Section 7-6[70-7-6] [70-7-6]. All of Senate Bill No. 585, Section 3 except the proviso applies to a school district which has voted to dispense with school in either the elementary or secondary grades and restricts the disposition of school district property and the expenditure of school district funds. These restrictions were placed on such a school district because once it votes to dispense with all school, both elementary and secondary, it is annexed to an adjoining district or districts by the State Board of Education and the property of the district is vested in the annexing district. Evidently, the Legislature became aware of the transfer of school property and expenditure of school funds to keep such property and funds from falling into the hands of the annexing district and enacted Section 3, supra, to make such action by the board of education illegal as applied to a school district which had voted to dispense with school. Only the proviso to Section 3, underlined above, applies to school districts annexing or dispensing with school and only its provisions appear to conflict with Section 7-6, supra. In the case of Smith v. Southwestern Bell Telephone Co., Okl. 349 P.2d 646 (1960) our Court held: ". . . . the well-settled rule is that where two acts, or parts of acts, are reasonably susceptible of a construction that will give effect to both and to the words of each, without violence to either, it should be adopted in preference to a construction which leads to the conclusion there is a conflict." In the case of In re Frary's Estate, 186 Okl. 126, 96 P.2d 526 (1940) the Court said in the third paragraph of the syllabus: "The true office of a proviso in a statute is to restrict the sense or make clear that which has gone before. It can have no existence separate and apart from the provisions it is designed to limit or qualify, and should be confined to what precedes it unless it clearly appears to have been intended to apply to some other matter." The proviso, the underlined portion of Senate Bill 585, Section 3, supra, is meant to restrict the sense of, limit or qualify the first portion of the Act which appears to grant a school district the right to transfer, sell, exchange, and so forth, title to its land and buildings to another public school district in Oklahoma. The proviso calls attention to the fact that the legal title to the land and buildings of the school district will be in the annexing district after annexation is accomplished and that a majority of the electors of the annexed school district will have the right to, within one (1) year after annexation, vote to have the annexing district transfer a defeasible title to the land and buildings to a nonprofit corporation for community purposes, all as provided more in detail in Section 7-6, supra. Construing Sections 7-6 and 3, supra, together in the light of the construction placed on 70 O.S. 1961 Section 7-6[70-7-6] [70-7-6], by our Court in the High Hill Rural Development Club case, supra, we must conclude the annexing district holds title to the property of an annexed district in trust for the public and when conveying such property as trustee must protect the public by retaining a reversionary interest so that the title revests in the annexing school district when the property ceases to be used for any of the purposes set out in Section 7-6 and Section 3, supra, delineated as community purposes, neighborhood facilities and so forth. It therefore appears the only way by which Sections 7-6 and 3, supra, can be reconciled and effect given both is, as follows: 1. When one school district annexes to another the legal title to the land and buildings thereon becomes vested in the annexing district. 2. Legal title with a reversionary clause could be transferred by the annexing district as provided by Section 7-6, supra, at any time the same was approved by a majority of the electors of the annexed district but such school district must vote to transfer within one (1) year under the provisions of Section 3, supra. 3. Such transfer can be made to a city, town, county or other governmental subdivision or to any organization authorized by law to take and hold title to real and personal property, for use as a neighborhood facility, community center or adult education center without bid or consideration under the provisions of Section 7-6, supra, and additionally, to a nonprofit corporation to be used for community purposes under the provisions of Section 3. 4. Provision should be made by the board of education of the annexing district when it transfers title under the provisions of both Sections 7-6 and 3 for reversion of title to such grantor school district when the property ceases to be used for community purposes. Another thing which should be mentioned is that the "organization authorized by law to take and hold title . . . for use as a neighborhood facility, etc." cannot be a sectarian organization such as a church since such transfer would violate Article II, Section 5 Oklahoma Constitution, which provides: "No public money or property shall ever be appropriated, applied, donated, or used, directly, or indirectly, for the use, benefit or support of any sect, church, denomination, or system of religion, or for the use, benefit, or support of any priest, preacher, minister, or other religious teacher or dignitary, or sectarian institution as such." You will note that in reconciling the provisions of Sections 7-6 and 3, supra, we have not considered the fact that the board of education of the annexed district ceased to be a board of public officers as of the date of the annexation because we feel the title to the school property of the annexed district vests in the annexing district the moment annexation becomes final; that the only action which can then be taken is that the people of the annexed district by a majority vote, within one (1) year, can cause the board of education of the annexing district to transfer a defeasible title to any of the agencies, organizations or corporations mentioned in either Section 7-6 or Section 3. It is therefore the opinion of the Attorney General that your first question be answered in the affirmative. The proviso of Senate Bill 585 is functional and can be given effect providing its provisions are reconciled with the provisions of 70 O.S. 7-6 [70-7-6] (1968), as outlined above. It is further the opinion of the Attorney General that your second question be answered as follows: No agency exists in the annexed district which could transfer title as provided in the underlined portion of Section 3 of Senate Bill No. 585. As we have said above, the legal title to the school property of the annexed district vests in the annexing district when the annexation becomes final. The electors of the annexed district have one (1) year from the date of annexation to call an election and by a majority vote cause the board of education of the annexing district to convey title to any of the agencies, organizations or corporations mentioned in Sections 7-6 and 3, supra, to be used for community purposes, with a reversionary clause in the conveyance to the annexing district, in case the property ceased to be used for community purposes. The terms of this transfer of title or conveyance should be evidenced by a resolution of the board of education of the annexing district. (W. J. Monroe)