## In re ESTATE OF STONE.

No. 10636—Opinion Filed April 11, 1922.

(Syllabus.)

1. **Descent and Distribution—Rights of Surviving Wife — "Property Acquired by Joint Industry of Husband and Wife."**

It is the purpose of section 8418, Rev. Laws 1910, to provide a general rule of descent, and when the first sentence thereof is read in connection with the proviso found in the second subdivision of the section, a fair interpretation of it would be as follows: Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of said property remain (undisposed of by will), one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to their right of representation; and the phrase, "that in all cases where the property is acquired by the joint industry of husband and wife during coverture," includes all property not owned by the husband or wife at the time of their marriage or acquired by them respectively thereafter by gift, devise, or descent; and further held, that the phrase, "by the joint industry of husband and wife during coverture," means the industry of a husband and wife, each in his or her recognized sphere of marital activity, and not that both must pursue jointly the same business or calling.

2. **Same — Rights of Surviving Mother — Judgment—Affirmance.**

Record examined, and held, that the judgment of the trial court is affirmed.

Error from District Court, Creek County; Ernest B. Hughes, Judge.

In the matter of the estate of W. B. Stone, deceased. Petition for adjudication of heirship by Anna Stone; answer by Ida M. Stone. Petition denied, and petitioner brings error. Affirmed.

Smith & Walker, for plaintiff in error.

John Ellinghausen, for defendant in error.

JOHNSON, J. The record discloses that W. B. Stone, a resident of Creek county, Okla., died therein intestate and without issue on June 1, 1916, leaving surviving him his widow, Ida M. Stone, the defendant in error, and his mother, Anna Stone, the plaintiff in error. A petition for the appointment of an administrator being filed in the county court of Creek county, the widow, Ida M. Stone, was appointed administratrix of the decedent's estate, and thereafter Anna Stone, the plaintiff in error, filed in said administration proceedings her petition for an adjudication of heirship, praying that she be decreed an heir of the decedent and entitled to one-half of his estate. After the widow, as administratrix, had filed her answer to said petition, a trial was had upon the issues raised, and the county court refused to grant the mother's petition for a decree adjudging her an heir, finding that the entire

estate was acquired by the joint industry of the husband and wife during coverture, and holding that the descent of the decedent's estate was cast under subdivision two (2) of section 8418 of the Revised Laws of Oklahoma of 1910, as qualified by the concluding proviso, to wit:

"8418. Descent and Distribution. When any one having title to any estate not otherwise limited by marriage contract, dies without disposing of the estate by will, it descends and must be distributed in the following manner: * * * Second. If the decedent leaves no issue the estate goes one-half to the surviving husband or wife, and the remaining one-half to the decedent's father or mother, or if he leaves both father and mother, to them in equal shares; but if there be no father or mother, then said remaining one-half goes in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister of the decedent, and to the children of any deceased brother or sister, by right of representation. If decedent leave no issue, nor husband nor wife, the estate must go to the father or mother, or if he leaves both father and mother, to them in equal shares; Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of said property remains, one-half to the heirs of the husband and one-half to the heirs of the wife according to the right of representation."

Thereupon plaintiff in error duly presented her appeal to the district court of Creek county, by proper petition and transcript, which court affirmed the findings and holdings of the county court, and the case is now before this court on appeal from the affirmation of the district court.

The plaintiff in error's assignments of error are as follows:

"The court below erred in finding as a fact that the estate of W. B. Stone, deceased, was acquired by the joint industry of said W. B. Stone and said Ida M. Stone, as husband and wife during coverture, under the proviso contained in subdivision 2 of section 8418 of the Revised Laws of 1910, which in material part thereof is as follows: 'Provided, that in all cases, where the property is acquired by the joint industry of husband and wife, during coverture, and there is no issue, the whole estate shall go to the survivor.' Upon the evidence in the record, the court should have held that said estate was not so acquired.

"2. The court erred in overruling motion of plaintiff in error for a new trial."

Concerning these assignments counsel for plaintiff in error say in their brief:

"The only question involved in this case is that of the construction given by the courts below to section 8418 of the Revised Laws of 1910, and particularly to the proviso contained in subdivision 2 thereof, which reads as follows: 'Provided that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor.'

"The defendant in error, as the childless widow of the decedent, claims the entire estate by virtue of this proviso, upon the ground and for the reason, that the facts in the record show that the estate of the decedent was acquired by the joint industry of herself and decedent.

"The plaintiff in error, the mother of decedent, contends that the facts in the record do not bring the widow within the terms of said proviso, when construed according to the intent of the Legislature and the spirit of justice and equity that is always presumed to dwell in and pervade the law of the land. * * *.

"It is conceded by plaintiff in error that W. B. Stone and his wife had no children, and that the property he left at his death was acquired during coverture, but it is denied that it was acquired by the joint industry of himself and wife in the sense intended by the proviso of the statute. * * *

"The plaintiff in error contends that the whole scheme of descent, provided by our statutes, with respect to inheritance by the surviving spouse, where the union is blessed with children or issue, and this proviso, where there is no issue, indicates the legislative intent to have been in the enactment of our statutes of descent and distribution generally, and of the proviso in question, that something more is required of the childless spouse than the mere performance of their usual nature and general respective duties only; in other words, that a surviving spouse, claiming the inheritance exclusively under this proviso, in order to enjoy the benefit thereof, must not only perform the usual and natural duty of such spouse, but must affirmatively assist and participate in the actual work, enterprise, or calling that produced the estate. This is the question that plaintiff in error presented to the courts below, and brings to this court for ultimate decision.

"It is to ascertain by the judgment of this court, if, in view of the statutes of descent and distribution generally, and this proviso specially, and the facts as they appear in this record, the construction given to the proviso, and the definition of the words 'joint industry' contained in the proviso, by the courts below, is correct?"

The stipulation and findings and conclusion of the trial court are as follows:

"It is stipulated between the parties that W. B. Stone died intestate, without issue, at his residence in Sapulpa, Okla., on the 1st day of June, 1916, leaving surviving him Ida M. Stone, his widow, and Anna Stone, his mother. The petitioner (appellant) rests.

"The Court: I find the facts, from the evidence and the stipulations of counsel, in this case to be as follows: That W. B. Stone died in Creek county, state of Oklahoma on or about the 1st day of June, 1916, intestate and without issue; that he left surviving him his wife, Ida M. Stone, and his mother, Anna Stone; that Ida M. Stone has been appointed administratrix of the estate of said W. B. Stone, deceased. The court further finds that W. B. Stone and Ida M. Stone, the administratrix, were married in Kansas, about the year 1886; that they moved from thence to Old Oklahoma about the year 1889; and that there he entered a homestead; that at the time of the marriage of said decedent W. B. Stone to Ida M. Stone, neither had any property; that all the property of the decedent was acquired during coverture; the court further finds that the decedent and his wife, Ida M. Stone, resided in what is known as Old Oklahoma, from 1889 to about the year 1898 or 1899; that they moved from thence to what was formerly the Creek Nation, Indian Territory, and now part of Creek county, or at least resided a greater part of that time in what is now known as Creek county; that during the time of the marriage of the said W. B. Stone and Ida M. Stone, said W. B. Stone engaged in farming and teaching school and was a member of the Legislature; that a a greater part of the time while in Creek county he was engaged in farming and cattle raising; and that during all the time the administratrix and said W. B. Stone lived together as husband and wife, which was up to the time of the death of W. B. Stone, said wife performed the usual household duties; that a part of the time she kept boarders and paid household expenses. The court further concludes as a matter of law that the property having been acquired during coverture, was acquired under this state of facts, by the joint industry of the husband and wife. The court further concludes as a matter of law therefore, that the said wife is the sole and only heir of said W. B. Stone; and it is so ordered."

From a careful examination of the record we are convinced that the foregoing findings of fact by the court were sustained by the clear weight of the evidence, which was but slightly, if at all, in conflict on the material question. It is true that counsel for defendant in error contend for a different conclusion based upon the evidence, in support of which they say in their brief:

"We do not think that mere housekeeping, the importance of which, when well done, cannot be overestimated, falls within the definition of industry, so as to make the wife, who does nothing else but keep house, engaged in joint industry with her husband, who may be engaged in merchandising, banking, manufacturing or farming, or any other commercial or industrial business or pursuit, and vice versa.

"There is a great dearth of reference to the compound term 'joint industry,' and we have been unable to find any case in the books that defines the term or that construes the proviso of the statute in question."

Counsel followed these statements with quite a lengthy argument upon the meaning of the term "joint industry," setting out numerous definitions of the word "joint" and the word "industry," insisting that the word "industry" means something more than housekeeping, etc.; but as to the phrase, "joint industry of husband and wife," as found in the proviso of the statute supra, they submit no authority supporting their contention, and they furnish no argument that convinces us that that phrase does not mean what it says, and we think it has but one interpretation, that is, the industry of a husband and wife, each in his or her recognized sphere of marital activity, and that an attempt to force the interpretation asked by counsel for plaintiff in error, "that the industry or labor must be identical and in the same course of employment and endeavor," would be to circumvent and abort the natural and socially contemplated marriage relation.

Counsel for the parties agree that they know of no decision of this or any other court construing the proviso of the statute, supra, but this section of the statute as a whole was construed by this court in Black et al. v. Haynes. 45 Okla. 363. 145 Pac. 362, The question there presented for decision was the right of the surviving spouse to dispose by will of the entire estate inherited by her from her husband, and under proviso of the second subdivision, Kane, C. J., in discussing the true meaning of the subsection, including the proviso, said:

"If the estate had been acquired by the deceased husband prior to his marriage, if he died intestate and without issue, one-half of it would have descended without any limitations to the wife. Here the estate was acquired by the joint industry of the husband and wife during coverture. What reason for making a provision which gives

the wife the right to dissipate the estate, dispose of it by conveyance, or spend all of it during her lifetime, yet if she be saving and frugal, economical and wise, thereby preventing the estate from decreasing, prohibits her from disposing of it by devise? This proviso, in case the husband died intestate, leaving a wife surviving, creates an estate in the manner of community property.

"It is the general rule that, in the absence of an antenuptial agreement to the contrary, in jurisdictions where the system of community property prevails, upon the death of either the husband or wife, one-half vests in the heirs of the deceased. 27 Cyc. 1703. It seems quite clear that the purpose of the section under consideration is to provide a general rule of descent, and that the first sentence thereof, 'When any person having title to any estate, not otherwise limited by marriage contract, dies without disposing of the estate by will, it descends and must be distributed in the following manner: * * *' relates to and qualifies the whole section. If the scope of the section and the persons to whom it applies, viz., any person having an estate who dies without disposing of it by will, is kept in mind, it will become quite apparent that it was not the intention of the Legislature that the alienation of property acquired by the joint industry of the husband and wife during coverture, which descends to a surviving spouse, should be hedged about by any other limitation than those applicable to property otherwise inherited. If we read the proviso in connection with the sentence quoted above, a fair interpretation of it would be as follows: 'Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of said property remain (undisposed of by will), one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to their right of representation.' This construction seems to harmonize with not only the letter, but also the spirit of the act."

While this might not dispose of the precise question raised in the instant case, they not being there presented, yet it does nullify the contention of the plaintiff in error that the statute means other than it says, and it further approves the legislative intent to vest in the surviving spouse the entire estate acquired through joint industry during coverture.

The section of the statute, supra, has been fully applied by this court in the cases of In re Barnes' Estate, 47 Okla. 117, 147 Pac. 504 and Schafer v. Ballou, 35 Okla. 169, 128 Pac. 498.

We think it is clear that the intention of the Legislature in adopting the statute, supra, was, that on the death of the husband, he having title to any estate, not otherwise limited by marriage contract, dying without disposing of the estate by will, leaving a wife, and where the property was acquired by the joint industry of husband and wife during coverture and there is no issue, the whole estate shall go to the wife. Such is the provision of the statute under consideration, and the findings of the trial court bring the instant case clearly within this statute, and the judgment of the trial court awarded the property to the wife, and the judgment, we think, was clearly right.

Counsel for the plaintiff in error makes the further contention that if the statute be construed to mean what we have held it to mean, the same would be void as being against public policy because it would be placing a premium on race suicide and would not conduce to birth control, but to the absolute prevention of offspring, and that this is the inevitable result of the proviso in question when compared with our general law of descent and distribution. There is no merit in this contention. No authorities are cited in support of that contention, and we know of none.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

HARRISON, C. J., and KANE, MILLER, and KENNAMER, JJ., concur.