## HISAW et al. v. CHANDLER.

No. 15929—Opinion Filed Sept. 29, 1925.

Rehearing Denied Jan. 19, 1926.

**1. Husband and Wife—Descent and Distribution—Property from Joint Industry.**

Under section 11301, C. O. S. 1921, where property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the entire estate shall go to the survivor.

**2. Sufficiency of Evidence.**

Record examined and held, that the findings and judgment of the trial court are within the issues made by the pleadings, and are not clearly against the weight of the evidence.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Lincoln County; H. A. Johnson, Judge.

Action by Lucretia Chandler (formerly Lucretia Lynges) against Katie Hisaw et al. Judgment for plaintiff, and defendants bring error. Affirmed.

Hummer & Foster and Cox & Cox, for plaintiffs in error.

Ira E. Billingslea, for defendant in error.

Opinion by JARMAN, C. Lucretia Chandler, formerly Lucretia Lynges, commenced this action to quiet title to certain real estate located in Lincoln county, Okla., resulting in a decree in her favor, from which the defendants have appealed.

The plaintiff was formerly married to William E. Lynges, and during her coverture a warranty deed was executed by the mother of the plaintiff to the plaintiff and her husband, William E. Lynges, to the land in question. In this connection, the plaintiff alleges in her petition that said land is the individual property of the plaintiff, for the reason that she paid the entire consideration therefor to the grantor, and that the name of William E. Lynges, her husband, was included in the deed as one of the grantees for the purpose of constituting him a trustee of the plaintiff, to aid, counsel and assist her in contractual matters concerning the use of said lands, or the sale thereof, during the cohabitation of the plain-

tiff and the said William E. Lynges, as husband and and wife. Thereafter, William E. Lynges died, intestate and without issue, and the plaintiff subsequently remarried. The sisters of William E. Lynges, deceased, filed an answer, in which they allege that they, together with the plaintiff, are the only next of kin, and the sole heirs at law of the said William E. Lynges, deceased; that the said William E. Lynges was the owner of an undivided one-half interest in and to said land, and that the defendants and the plaintiff inherited the same equally, making the defendants the owners of an undivided one-fourth interest therein.

Upon hearing and considering the evidence, the trial court found that William E. Lynges and the plaintiff each acquired an undivided one-half interest in and to the land in question, by virtue of the deed executed to the plaintiff and himself, and that the same was acquired by the joint industry of the plaintiff and William E. Lynges, husband and wife, during coverture, each in his own recognized sphere of marital activity, and that the title in and to said land was not limited by marriage contract, nor by law, and that upon the death of William E. Lynges, his entire interest and estate in said land descended to and vested in the plaintiff, his wife, and that she is the owner in fee simple thereof.

We have examined the record and we are unable to say that the findings of the trial court are clearly against the weight of the evidence. Therefore, the findings and judgment of the trial court in this regard should not be disturbed.

The first proposition urged by defendants is that the finding by the trial court, that the land in question was acquired during coverture by the joint industry of the deceased and her husband, is outside of the issues raised by the pleadings. The defendants contend that the plaintiff's petition is based solely upon the theory that the consideration for the land in question was paid by the plaintiff as her individual property, and that her husband was a mere trustee for her; and that the question of the property having been acquired during coverture and by the joint industry of the plaintiff and her deceased husband, is a complete departure from and is not authorized by the pleadings, and that such question was not an issue at all in the case.

While the petition of the plaintiff is based upon the theory suggested, it must be borne in mind that the defendants in their answer, which is in the nature of a cross-petition, alleged that the deceased husband, William E. Lynges, acquired an undivided one-half interest in said land by virtue of the deed executed to the plaintiff and the said William E. Lynges, and that, upon his death, the defendants and the plaintiff each inherited an undivided one-half interest therein. On this proposition, an issue was joined by the filing of a reply on behalf of the plaintiff, and upon consideration of the evidence produced, the trial court found that William E. Lynges did acquire an undivided one-half interest in and to the lands, by virtue of the deed executed to the plaintiff and William E. Lynges, thereby sustaining the contention and theory of the defendants that William E. Lynges owned an undivided one-half interest in said land, which is clearly within the issues. The evidence submitted to prove that William E. Lynges was the owner of such interest showed that the same was acquired during coverture and by the joint industry of the plaintiff and William E. Lynges; and, as a matter of law, the trial court properly concluded that said land descended to and vested in the plaintiff, the surviving wife, in fee simple, as provided by section 11301, C. O. S. 1921, as construed by this court in the case of In re Estate of Stone, 86 Okla. 33, 206 Pac. 246.

No prejudicial error appearing in the record, the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 31 C. J. p. 174, § 1303. (2) 4 C. J. p. 900, § 2869.