MARQUES *v.* MARQUES.

5-2067                                    334 S. W. 2d 674

Opinion delivered April 11, 1960.

*John F. Gibson,* for appellant.

*William H. Drew,* for appellee.

ED. F. McFADDIN, Associate Justice.   The Chancery Court awarded appellee (husband) a divorce from appellant (wife); and this appeal challenges the correctness of that decree.

At the outset, we have a procedural question to decide.   The case was heard on oral testimony, and the Chancellor delivered an opinion which is twenty-two transcribed pages.   The decree was filed on April 27, 1959; notice of appeal on May 15th; designation of entire record on May 15th; extension granted on July 24th; and on October 22nd additional extension granted "until seven months from April 27, 1959".   On October 22, 1959 appellant filed a "petition and affidavit", stating that she had no money with which to pay for the transcription of testimony and that the entire record should be furnished her without charge, under the provisions of Section 8 of Act No. 244 of 1957.   This petition[1] was denied at a hearing on October 30, 1959.   It was

---

[1] This petition by appellant, filed on October 22, 1959, was the first suggestion that the appellant was without funds. She never asked the Court to require appellee, as her former husband, to bear any part of the cost of the furnishing of the record.

shown that the Court Reporter had taken the testimony by the use of a recording machine; and the Court suggested that appellant might make a condensed statement in narrative form from the recordings which the Court Reporter was directed to furnish her.

In accordance with the Court's suggestion about a condensed statement in narrative form, the appellant filed with the Clerk of the Chancery Court on November 17, 1959, an unverified, uncertified, unagreed-to 46 page instrument purporting to be a condensed statement in narrative form of the testimony of all the witnesses in the case; but neither the appellee nor his attorney was ever notified of such filing, and no copy was ever furnished appellee or his counsel. On November 18, 1959 the appeal was filed in this Court; and the record contained only the pleadings, the Court orders, and the said narrative statement. Upon learning of the appeal, the appellee filed in this Court a motion to strike said condensed statement in narrative form, and such motion was passed until consideration of the case on its merits. We gave either party permission to file a duly certified copy of the Chancellor's opinion, as previously mentioned; and the appellee has filed the same with us.

The motion to strike the narrative statement must be sustained. Our statute allowing testimony to be supplied in narrative form is Section 10 of Act. No. 555 of 1953, as now found in § 27-2127.4, Ark. Stats., and reads:

"A party may prepare and file with his designation a condensed statement in narrative form of all or part of the testimony, and any other party to the appeal, if dissatisfied with the narrative statement, may require testimony in question and answer form to be submitted for all or part thereof."[2]

It is instantly apparent that if the appellant had wanted to file a "condensed statement in narrative form", such should have been prepared and filed when the record was designated on May 15, 1959, and not on

---

[2] This comes to us from Rule 75 (c) of the Federal Rules.

November 17, 1959. The purpose of the condensed statement in narrative form is to afford the parties a possibility of saving the additional expense of the questions and answers of various witnesses.[3] But, even so, when such statement is served on the opposite party, he may, if dissatisfied, "require testimony in question and answer form". In the case at bar, even if we bypass the fact that the condensed statement in narrative form was not filed with the appellant's designation of the record, still we cannot overlook the point, made by the appellee, that the condensed statement in narrative form was never served on the appellee or his counsel, so that he could require the testimony to be furnished in question and answer form—as he states he would have done. So the narrative statement must be stricken as filed out of time and filed without ample notice to appellee.

With the narrative statement stricken, there is no showing of error, and the decree must be affirmed. However, it is fair to all parties to say that we have carefully read and studied the said narrative statement, and also the Chancellor's opinion; and, even after considering the narrative statement, we would have affirmed the decree of the Chancery Court awarding a divorce to appellee. Since this is a divorce case, we adjudge that the husband shall pay the costs of this appeal.

Affirmed.

[3] Appellant made no effort to prepare the kind of statement referred to under Section 19 of Act No. 555 of 1953, which may be found in § 27-2127.11 Ark. Stats.