LEFEVERS *v.* LEFEVERS

5-3849                                                    403 S. W. 2d 65

Opinion delivered May 30, 1966

*Shaver, Tackett & Jones, Larey & Larey,* for appellant.

*Featherston & Featherston,* for appellee.

GUY AMSLER, Justice. This is an appeal by Deva T. LeFevers and a cross appeal by Ollie M. LeFevers from a decree fixing their property rights under an ante-nuptial agreement.

Appellant and appellee were married on June 11, 1964, after a brief courtship. They had previously entered into an ante-nuptial agreement. She was a widow, 48 years of age, and he a rather well to do widower, 67 years old. Both had children by previous marriages. They lived together, apparently unharmoniously, until January 17, 1965. He filed suit for divorce on January 19, 1965, alleging indignities.

Appellant counter-claimed, also seeking a divorce, and either a settlement under the ante-nuptial agreement or, in lieu thereof, her "statutory entitlements" in appellee's property. On May 21, 1965, the Chancellor granted appellee a divorce and retained jurisdiction for further orders relative to property rights. A supplemental decree was later entered, fixing the rights of the parties under the pre-marital contract.

For reversal, appellant urges that the Chancellor erred in his interpretation of the ante-nuptial agreement. The two provisions in the agreement, which provoke the principal contentions, read:

"Now as to assets, property, notes, moneys, accumulated after the marriage in the future, by either or both of these parties, they shall be the owners each of an undivided one-half interest therein; and same shall not be owned as a joint estate or estate by the entirety, except as is herein otherwise set forth and agreed upon."

"In the event of a separation or a divorce of these parties then and in such event it is agreed that the second party, the wife, shall be restored to all her own separate property she had prior to the marriage; also half of any net gain that is made by the joint effort of these parties during coverture; that is to say during their married life."

The Chancellor, in a lengthy and helpful memorandum, found, *inter alia*, that: appellant had $5,000.00 at time of marriage; she received a car as a gift from appellee which is not involved; she invested $2,505.00 on appellee's recommendation and "he has paid this to her," hence, "the return to her of the $2,505.00 is all of her original $5,000.00 she is entitled to get back as that is all of it he did not let her manage herself"; defendant (appellant) is entitled to one-half of net gains for 1964, on property other than the farm, of $143.29; that farm income after taxes and depreciation was $13,-152.25 for 1964; parties were married five-ninths of 1964; five-ninths of farm income is $7,308.81, from which all costs (including accountant's fee for $575.00) will be deducted; Mrs. LeFevers is entitled to one-half of five-ninths of the net farm income, tax refund from amended returns to be included; that the Kirby property, consisting of about 12 acres, which was deeded to appellant and appellee, as husband and wife, will be owned by the parties as tenants in common; and a $500.00 fee was allowed appellant's attorney. The trial judge pointed out that no attorney's fee pendente lite was sought or awarded.

In the part of her brief devoted to argument appellant says "the essential points in this case are not based upon a conflict in the substantive rules of law, but upon determination of questions of fact."

Appellant contends that under the terms of the ante-nuptial agreement she was entitled to have the $5,-000.00, which she owned at the time of marriage, "restored" in full by appellee. Restored is a word of vari-

ous connotations. No authority was cited supporting appellant's theory of construction and independent research has revealed none. The Chancellor found that Mr. LeFevers had exercised control over only $2,505.00 of the $5,000.00—this he returned—and that he was not responsible for the balance which she either had or had spent as she saw fit. Part of the balance was given to her son, who is a student at the United States Military Academy. The Chancellor gave the parties wide latitude in the presentation of proof on all phases of the case and we are unwilling to say that his finding on this point is not supported by a preponderance of the evidence.

In connection with the 12 acre "Kirby property," which had been purchased with appellee's funds during the marriage, the trial judge properly impressed a lien of $150.00 against the one-half interest therein which he awarded appellant because she refused to sign a deed (as she had agreed to do) when appellee could have sold the tract for a profit of $300.00. Had it not been for the fact that her name was included as a grantee in the deed the trial court probably would have decreed that she had no interest at all in the land.

During the marriage appellee acquired what is referred to as the "New Hope" property. Appellant was not a grantee but she says that she was entitled to a one-half interest in the property. However, the trial court determined, and we think properly, that the "separation or divorce" clause in the prenuptial contract covered only "net gain" on value of property acquired during the marriage.

Appellant alleges error by the trial court in considering depreciation when determining 1964 farm income. The prenuptial agreement provides that in case of divorce appellant is to have "one-half of any net gain that is made—." The only proof offered in the trial court was by an expert who said that depreciation is an essential element in determining net income. The Chan-

cellor was justified in accepting this evidence since none to the contrary was offered.

On cross-appeal Mr. LeFevers claims error because the trial court allowed Mrs. LeFevers to share in the 1964 farm income. His theory is that the "joint effort" provision of the divorce clause of the prenuptial agreement would not encompass income from the Monroe County farm. There are no citations of authorities in the briefs and our independent research has not been especially fruitful.

A somewhat analogous situation is found in an Oklahoma case (followed in other jurisdictions) construing a descent and distribution statute dealing with property "acquired by the joint industry of husband and wife during coverture."

In disposing of the contention that the widow should not be accorded full benefit of the statute because the property did not result from the "joint industry" of the husband and wife, the Oklahoma Court said:

> "Counsel followed these statements with quite a lengthy argument upon the meaning of the term "joint industry," setting out numerous definitions of the word "joint" and the word "industry," insisting that the word "industry" means something more than housekeeping, etc., but as to the phrase, "joint industry" of husband and wife as found in the proviso of the statute supra they submit no authority supporting their contention, and they furnish no argument that convinces us that that phrase does not mean what it says, and we think it has but one interpretation, that is, the industry of a husband and wife, each in his or her recognized sphere of marital activity, and that an attempt to force the interpretation asked by counsel for plaintiff in error "that the industry or labor must be identical and in the same course of employment and endeavor" would be to circumvent and abort the natural

and socially contemplated marriage relation." *Stone* v. *Stone*, Okla., 206 P. 246.

In later cases the Oklahoma Court and others that have followed the Stone case use the terms "joint industry" and "joint effort" interchangeably. So we think the Chancellor in this case was justified in awarding appellant a portion of the farm income.

That leaves the matter of attorney's fee and costs, questioned by both parties, to be disposed of. We approve of the trial court's action in awarding appellant's counsel a fee of $500.00 and in dividing the costs equally between the litigants. Considering the economic status of the parties, we feel that appellant's attorneys should be awarded an additional fee of $500.00 and that appeal costs should be assessed against appellee. *Marques* v. *Marques*, 232 Ark. 9, 334 S. W. 2d 674; *Myers* v. *Myers*, 226 Ark. 632, 294 S. W. 2d 67.

Affirmed.