Idabelle PORTER now Walton et al.,
Plaintiffs in Error,

v.

Oline RATLIFF, as Executrix of the Estate
of Jimmie Coss, Deceased, and Indi-
vidually, Defendant in Error.

No. 41590.

Supreme Court of Oklahoma.

July 23, 1968.

Carloss Wadlington, Ada, and Donald B.
Darrah, Trial Attorney, Department of the
Interior, Durant, for plaintiffs in error.

J. E. Bullard, E. Dan Gibson, Tishomin-
go, for defendant in error.

PER CURIAM.

The present action involved the title to a
quarter section of land in Johnston County,
that was allotted to the late Emma Coss, as
a member of the Chickasaw Tribe of Indi-
ans, after she was married to Jimmie Coss,
another Chickasaw full blood, who had
been married before, and had children by
the former wife. The couple thereafter
resided on the land and improved it; but,
when Emma thereafter died intestate in
February, 1936, no children had been born
of that union.

Thereafter, in June, 1936, certain of
Emma's heirs, represented by the United
States Probate Attorney, obtained a judi-
cial determination of her heirship in Coun-
ty Court cause No. 1625, instituted as:
Eastman Johnson et al v. Jimmie Coss et
al. In the court decree there entered, Jim-
mie Coss was held entitled to only an undi-
vided one-half interest in said land (and
other land belonging to his said deceased
wife, Emma) the other undivided one-half
being decreed to have been inherited by a

surviving half brother and half sister, and the children of a deceased half sister.

Jimmie Coss thereafter continued to live on the land. In 1963, Oline Ratliff, a daughter by his first marriage, and her husband, moved there, and, that same year, Jimmie instituted the present action to quiet his title to the entire fee therein, despite the above-mentioned previous county court decree purportedly adjudging him to be entitled to only an undivided one-half interest therein. In his petition, Jimmie alleged, among other things, that a period of more than three years had elapsed since Emma's death without there having been a *valid* determination of her heirs and of the persons who were entitled to take said real estate, as such. He further alleged that the land was "property acquired by the joint industry of husband and wife during coverture."

Thereafter a Trial Attorney of the U. S. Department of the Interior filed an answer on behalf of the full blood Indian defendants in this action, which, in effect, denied Jimmie Coss's allegations of his right and title to the real estate's entire fee, and cited the adjudication in Cause No. 1625, supra, of his entitlement to only an undivided one-half interest therein.

After the United States elected not to remove the case to the Federal District Court, private counsel filed answers and cross petitions in it on behalf of the Indian defendants, and, in addition to other allegations, adopted the allegations of the answer previously filed, as aforesaid, by the U. S. Department of the Interior's Trial Attorney. In addition to claiming their interests on the basis of the inheritance determined in Cause No. 1625, supra, said defendants prayed that the land be partitioned.

Thereafter, in 1964, Jimmie Coss died testate, Oline Ratliff, being the sole devisee named in his will. After his will was admitted to probate and she was appointed executrix of his estate, this action was revived in her name, as plaintiff.

At the trial of the action, evidence was introduced on behalf of plaintiff showing that, after the subject land was allotted to Emma, she and Jimmie had farmed it, improved it, and made it their home.

At the close of the trial, the case was submitted to the court on briefs. Judgment was thereafter entered for plaintiff, quieting her title to the entire fee in the land, against the collective claims of the defendants to an undivided one-half interest therein. In said judgment, the court found and decreed, among other things, " * * * that the property herein was at the time of the death of Emma Coss jointly acquired property during the marriage of Jimmie Coss and Emma Coss by reason of the joint industry of said parties by reason of many years of work and improvement upon said property." The court further found and decreed that the judgment previously entered in the county court cause No. 1625, supra, "purporting to determine the heirs of Emma Coss is void on its face and that the defendants herein and each of them acquired no right in said land by virtue of said purported judgment."

Plaintiffs in error, hereinafter referred to by their trial court designations of "defendants", all of whom derived their claimed title to the land by reason of Emma Coss having no issue, urge three propositions for reversal of the above described judgment. Under the first, it is argued, in substance, that the trial court erred in treating the subject land, Emma's Indian allotment, as property acquired by hers and Jimmie's "joint industry * * * during coverture", as that expression is used in the second paragraph of Tit. 84 O. S.1961, § 213. The concededly applicable portion of said statute reads as follows:

"Second. If the decedent leave no issue, the estate goes one-half to the surviving husband * * *; * * * if there be no father or mother, then * * * (the) remaining one-half goes, in equal shares, to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation.

\*   \*   \*   \*   \*   \*

Provided that in all cases *where the property is acquired by the joint industry of husband and wife during coverture,* and there is no issue, the whole estate shall go to the survivor, \* \* \*. \* \* \*." (Emphasis added.)

To support their position that the subject land—being an Indian allotment to Emma—could not have been *jointly* acquired by her and Jimmie during coverture, defendants cite Harden v. Harden, 182 Okl. 364, 77 P.2d 721, and cases holding that property acquired by one spouse by gift, devise, or descent is not "jointly acquired".

Plaintiff argues that an Indian allotment is in a different category than that usually referred to as acquired by gift, devise, or descent; and on the basis of this premise, and the fact that Emma's allotment was not owned by her at the time of her marriage to Jimmie Coss, argues that under the wording of the syllabus in Stone v. Stone, 86 Okl. 33, 206 P. 246, it *has to be* jointly acquired property during coverture. As to Harden v. Harden, supra, plaintiff argues that it applies only to jointly acquired property, as contemplated in our divorce and alimony statutes.

As it is worded, what is said concerning jointly acquired property in the second paragraph of the syllabus of Harden v. Harden, supra, would appear to be limited to such statutes, but the reason an Indian allotment is not "jointly acquired" is much broader than any such limitation, as is shown in the following statement in the body of this court's opinion in that case (77 P.2d p. 723):

"An Indian allotment is not acquired by industry or effort of the allottee, but by reason of his acceptance and registration and enrollment as a member of the tribe. Albert v. Albert, 120 Okl. 172, 251 P. 476."

The intestate, whose estate was involved in Stone v. Stone, supra, was not an Indian, and none of the property was acquired in any manner different from those means of acquisition traditionally available to the general public, for which our statutes on descent and distribution were written at a time antedating Indian allotments and the passage of federal laws making such statutes applicable to land in such a special category. In view of the fact that Indian allotments were not within the contemplation of those succession laws as originally written, it is understandable that this court, in writing a syllabus *of general application* in Stone v. Stone, supra (before considering, in Albert v. Albert, supra, the question of whether an Indian allotment is "jointly acquired" property) did not have acquisitions of such a special category in mind. We therefore hold that the statement in the syllabus of Stone v. Stone, supra, to the effect that property jointly acquired by husband and wife (as that expression appears in § 213, supra) includes *all* property not owned by either of them at the time of their marriage, or acquired thereafter by gift, devise or descent, does not apply to land that is allotted to a person by reason of his, or her, membership in one of the Five Civilized Tribes of Indians, after his, or her, marriage. While there is no question but that Emma's allotment was acquired "during (her) coverture" (Rogers v. Rogers, U.S.D.C., Okl., 263 F. 160, 161, citing Simpkins et al v. Ware, 45 Okl. 327, 145 P. 355) it was not *"jointly* acquired" by her and her then husband, Jimmie Coss; and the fact that this allotted land was improved and resided upon, by the couple, *after* it was acquired, is irrelevant to the determination of the character of its acquisition, i. e., whether it was "jointly acquired", or not.

In view of our conclusion that the trial court erred, as a matter of law, in quieting plaintiff's title to the entire fee in the subject land, instead of only the undivided one-half interest her father, Jimmie Coss, inherited from his second wife Emma, it is unnecessary to consider defendants' argument concerning any other alleged error.

In accord with the foregoing, the judgment of the trial court is hereby reversed, and this cause is remanded to said court with directions to set aside its previous

judgment, and proceed in a manner not inconsistent with the views herein expressed.

The Court acknowledges the aid of Supernumerary Judge HALLEY in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

All the Justices concur.